# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RUDOLPHUS MENDES, III,

        Defendant-Appellant.

UNPUBLISHED
July 28, 2015

No. 321929
Kalamazoo Circuit Court
LC No. 2013-001648-FH

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of two counts of resisting or obstructing an officer, MCL 750.81d(1). He was sentenced to four days in jail for each count. Defendant appeals as of right. We affirm.

Defendant argues that there was insufficient evidence to support his convictions, given the failure of the prosecution to show that he resisted, obstructed, or opposed the two police officers involved in moving him between locations within the county jail. We review de novo the sufficiency of the evidence in a bench trial. *People v Lanzo Constr Co*, 272 Mich App 470, 473-474; 726 NW2d 746 (2006). "The evidence is viewed in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proven beyond a reasonable doubt." *Id.* at 474. In addressing a sufficiency argument in the context of a bench trial, this Court in *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008), observed:

> This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses. Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. All conflicts in the evidence must be resolved in favor of the prosecution. [Citations omitted.]

A conviction under MCL 750.81d(1) requires the prosecution to prove beyond a reasonable doubt that: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). Actions that "obstruct" for purposes of MCL 750.81d

-1-

"include[] the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." MCL 750.81d(7)(a); see also *Corr*, 287 Mich App at 503.

In this case, defendant was arrested and taken to a holding cell in the Kalamazoo County Jail. Once in the cell, Deputy Brock Sperry indicated that he was going to remove defendant's handcuffs and Sperry gave defendant a clear command to put his hands on the wall once his handcuffs were removed. Defendant repeatedly stated that he would not place his hands on the wall, remarking at one point, "I don't give a f---. I'm not putting my hands on the wall . . . treat me like a man . . . ." While defendant was making these statements to Sperry, he clenched his fists and the veins in his arms bulged out. Defendant argues that Sperry only directed defendant to place his hands on the wall *after the handcuffs were removed* and that defendant's statements of refusal to perform *a future act* could not constitute "a knowing failure to comply with a lawful command," MCL 750.81d(7)(a), where the handcuffs were not removed at that point because of defendant's mere anticipated failure to place his hands on the wall. The trial court, however, did not simply rely on what it viewed to be defendant's failure to comply with a lawful command. The court also indicated:

> And in fact, it goes further. It's more than words. It's by the use of the words and the dragging out of the scene that he's actually obstructing the officers in performing their duties.

We conclude that defendant's repeated refusals, abusive language, and physical cues indicated that he intended to physically interfere with Sperry's duties as a deputy. And as indicated by the trial court, defendant was engaging in obstructive behavior and opposing Sperry. Viewing the evidence in the light most favorable to the prosecution, deferring to the court's weighing of the evidence and its credibility assessments, and resolving all evidentiary conflicts in favor of the prosecution, we hold that there was sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that defendant obstructed and opposed Sperry.

After defendant obstructed and opposed Sperry, Deputy Bryan Jolliffe and Sperry took control of defendant using a shoulder-lock technique. Defendant turned and screamed, "what the f--- are you doing." The evidence supported the conclusion that Sperry and Jolliffe were required to use physical force to thereafter pull defendant through the cell door. Defendant's refusal to comply coupled with his statement to Jolliffe and the force required to move defendant established that he obstructed, resisted, and opposed the deputies' actions. The physical-interference component of defendant's actions constituted obstruction under MCL 750.81d(7)(a). Viewing the evidence in the light most favorable to the prosecution, deferring to the court's weighing of the evidence and its credibility assessments, and resolving all evidentiary conflicts in favor of the prosecution, we hold that there was sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that defendant resisted, obstructed, and opposed Jolliffe.

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens