# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PATRICK JAMES DARGIS,

        Defendant-Appellant.

UNPUBLISHED
September 15, 2016

No. 327166
Macomb Circuit Court
LC No. 2014-002455-FH

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of resisting and obstructing a firefighter, MCL 750.81d(1). Defendant was sentenced to serve 29 days in the Macomb County jail and 18 months' probation. We affirm.

## I. BASIC FACTS

This appeal arises from an incident when the Sterling Heights Fire Department responded to a call about a potential fire at defendant's home on March 28, 2014. On that day, there was a 911 call from defendant's neighbor who reported a possible fire and heavy smoke coming from defendant's chimney. Bonnie DeMeyere was one of the first people to arrive at defendant's home.[1] DeMeyere was wearing her normal, full, fire gear. Upon arrival, DeMeyere saw "very heavy smoke" coming out of defendant's chimney and "banking down" between defendant's house and a neighbor's. In fact, in her 25 years in the fire-fighting business, she had never seen that much smoke result from a "normal" fire in the fireplace. As DeMeyere walked toward the driveway of defendant's home, defendant's wife and child came outside, and the wife informed DeMeyere that the family was burning pallets in the fireplace and there was no problem. During the course of this conversation, additional fire vehicles arrived, making a total of four fire vehicles, all painted in the familiar fire-engine red color. DeMeyere then asked defendant's wife

---

[1] At the time of the incident, DeMeyere was a Captain Paramedic who was responsible for the fire station to which she was assigned. As of the date of trial, DeMeyere had been promoted to Battalion Chief.

-1-

if she could enter the home. Defendant's wife agreed, but she stated that she had to secure the family cats so they would not escape when DeMeyere entered.

After the wife went back into the house, DeMeyere turned and talked to another fire officer for about 30 seconds. DeMeyere then went up to defendant's house, opened the storm door, and knocked on the partially closed steel door to be polite. The steel door then "flew open," defendant pushed DeMeyere with one hand, and yelled, "[G]et the f**k . . . out of my house. There is no fire. Get off my property," before slamming the steel door shut. DeMeyere described defendant as being very angry and said that the push was in her right shoulder area, which had enough force to make her turn and take a couple steps back. While DeMeyere and the other firefighters waited outside, the police arrived and entered defendant's home. After police arrived and contained defendant, DeMeyere went inside the house to check on the fire. DeMeyere noted that the fire was much larger than what should occur in a fireplace. Flames were coming out of the fireplace, soot was forming on the interior wall above the fireplace, and smoke stains were evident on the ceiling. Although the fire was not extinguished by the fire department, the household was advised to take proper safety precautions. DeMeyere testified that she did not cite anyone for any violation of fire codes because that falls outside her job responsibilities.

## II. ANALYSIS

Defendant argues that there was insufficient evidence to support his conviction. We disagree. This Court reviews a defendant's challenge to the sufficiency of the evidence de novo. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). In determining whether the prosecutor has presented sufficient evidence to support a conviction, this Court must review the evidence in the light most favorable to the prosecution and determine "'whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt.'" *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013), quoting *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010). The standard of review for a challenge to the sufficiency of the evidence is deferential and this Court should "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Defendant was convicted of violating MCL 750.81d(1), which provides as follows:

Except as provided in subsections (2), (3), and (4), an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

And according to MCL 750.81d(7)(b)(*viii*), a "person" includes a firefighter.

Thus, to satisfy the elements of MCL 750.81d(1), the prosecution had to present evidence that defendant (1) "assaulted, battered, wounded, resisted, obstructed, opposed, or endangered" DeMeyere, and that defendant, (2) "knew or had reason to know that" DeMeyere was performing her duties. *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). The Michigan Supreme Court has held that the common-law right to resist unlawful officer conduct is not

abrogated by MCL 750.81d(1). *People v Moreno*, 491 Mich 38, 57; 814 NW2d 624 (2012). Therefore, the prosecution is required to prove as a third element that the officer's actions were lawful. *Id.* at 52.

On appeal, defendant claims that his conviction should be vacated because (1) MCL 750.81d(1) is inapplicable, as DeMeyere was not acting as a firefighter, (2) the intent element of assault was absent, (3) any obstruction did not occur as defined by MCL.750.81d(7)(a) because no command was given by DeMeyere, and, (4) defendant was acting in self-defense in response to DeMeyere's unlawful conduct.

A.

Defendant asserts that he cannot be guilty of resisting a firefighter because DeMeyere was not acting as a firefighter at the time of the incident. Instead, defendant claims that DeMeyere was acting as a "fire code inspector," which is not covered under the statute. This argument is unavailing. Nothing in the record indicates that DeMeyere was acting as a fire code inspector. DeMeyere explicitly testified that she was not there to perform such duties and that she had no authority to do so, in any event. Because DeMeyere was a Captain Paramedic at the time of the incident and responded to a 911 call of a possible fire, the inescapable conclusion is that DeMeyere acted as a firefighter. Indeed, at the trial court, defense counsel indicated that taking a position to the contrary would be futile.

Further, defendant had reason to know that DeMeyere was performing her duties as a firefighter. This Court has held that the knowledge element requires actual, constructive, implied, or imputed knowledge. *People v Nichols*, 262 Mich App 408, 414; 686 NW2d 502 (2004). In this case, the knowledge requirement of MCL 750.81d(1) was met where defendant had "reasonable cause to believe" that DeMeyere was performing her duties. *Id.* While defendant asserts that he did not have actual knowledge that DeMeyere was entering his home to check for a fire, given the facts that DeMeyere was called in response to a potential fire, was in her full fire-gear uniform, was accompanied by multiple officers and fire department vehicles, and was attempting to enter the home to ensure that the area was safe, there is sufficient evidence to support the jury's conclusion that defendant ought to have had knowledge that DeMeyere was performing her duties as a firefighter. Moreover, defendant yelling at DeMeyere that "There is no fire," before pushing her away, also demonstrates that he knew exactly why she was present—to investigate a possible fire in the course of her duties as a firefighter.

B.

Though defendant claims that he did not touch DeMeyere, and even if he did, it was "incidental to shutting the door" and not intentionally done to commit an assault, the record evidence showed that defendant battered DeMeyere.[2]

---

[2] Under MCL 750.81d(1), a defendant is guilty if he "assaults, batters, wounds, resists, obstructs, opposes, *or* endangers" a firefighter. (Emphasis added.) Notably, the disjunctive use of the

This Court has applied the traditional, common-law definition of battery to MCL 750.81d(1), which is "[t]he wilful and harmful or offensive touching of another person which results from an act intended to cause such a contact." *People v Morris*, ___ Mich App ___; ___ NW2d ___ (Docket No. 323762, issued February 11, 2016), slip op, p 6 (quotation marks and citation omitted). Although defendant argues that any touching was incidental to his closing the door to his home, and thereby accidental, this assertion contradicts the record evidence. DeMeyere testified that defendant first quickly opened the door, then pushed her with one hand while angrily yelling, "[G]et the f**k . . . out of my house. There is no fire. Get off my property."[3] Only then did defendant slam the door shut. Hence, a jury could reasonably conclude that the pushing was not *incidental* to the door closing but instead was an independent act that was merely done *before* the door was shut. Surely, with defendant *opening* the door initially, one could conclude that defendant opened it just so he could yell at and push DeMeyere away. Further, a reasonable jury could easily conclude that, given defendant's aggressive and vulgar tone that accompanied the push, the contact was indeed intentional and intended to be "harmful or offensive." Therefore, there was sufficient evidence to allow a jury to conclude beyond a reasonable doubt that defendant battered DeMeyere.

Defendant also contends that he did not "obstruct" DeMeyere under the statute because she did not give defendant a command, and therefore, he could not have failed to comply with a command. MCL 750.81d(7)(a) provides that "'Obstruct' includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." However, as discussed *supra*, in order for a defendant to be guilty of violating MCL 750.81d(1), only one of the enumerated acts needs to be proven—not all of them. Therefore, while the fact that DeMeyere never gave any commands to defendant would be relevant in determining whether defendant failed to comply with a lawful command, this fact is wholly irrelevant regarding whether defendant battered her.

## C. SELF-DEFENSE

In an unclear argument, defendant appears to contend that the force used against DeMeyere was lawful self-defense against unlawful officer conduct. In his brief on appeal, defendant cites *Moreno*, where the Michigan Supreme Court held the enactment of MCL 750.81d(1) did not abrogate the common-law right to resist *illegal* police conduct. *Moreno*, 491 Mich at 57. However, defendant does not present a well-developed legal argument of how *Moreno* is applicable in this case. Instead, defendant merely avers that "DeMeyere did not have the constitutional authority to enter [defendant's] home, without presenting her credentials and asking for entry." However, assuming arguendo that DeMeyere did need permission to enter the

word "or" means that defendant need only perform one of the listed actions in order to violate the statute.

[3] Defendant avers that DeMeyere's testimony is insufficient to prove that he battered her because "there is only her word." He seems to rely on the premise that the still photographs from the security system introduced at trial do not definitively show the push. But in reviewing a sufficiency of the evidence claim, this Court is to resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Thus, DeMeyere's testimony is indeed sufficient to establish that defendant pushed her.

house, defendant fails to recognize that the evidence indicates that defendant's wife gave DeMeyere permission. When DeMeyere initially arrived at the scene, defendant's wife came out of the house and the two talked. During this discussion, the wife mentioned that there was "no fire," as they were just burning pallets in the fireplace. When DeMeyere asked if she could go inside to look, the wife said yes but wanted to safeguard her cats so they would not escape. After approximately 30 seconds lapsed, DeMeyere then knocked on the partially open front door and before she could say or do anything else, defendant swung the door open, pushed DeMeyere back, yelled at her, and slammed the door shut. Although not dispositive (because of the permission that was given), it is notable that DeMeyere testified that she never took a step into the house. Looking at the evidence in a light most favorable to the prosecution shows that DeMeyere had permission to be where she was when defendant struck her. Hence, defendant's reliance on the principle of law enunciated in *Moreno* is fallacious.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood