# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

UNPUBLISHED
March 20, 2018

v

KEVIN LAMONT BELL,

Defendant-Appellee.

No. 336185
Wayne Circuit Court
LC No. 16-008709-01-FH

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

This case arises from defendant's arrest after Detroit police observed him fleeing a house where officers were forcing entry to execute a narcotics search warrant. Defendant was charged with possession with the intent to deliver 5 kilograms or more but less than 45 kilograms of marijuana, MCL 333.7401(2)(d)(ii). The district court found probable cause to bind over defendant on the charge. The circuit court, however, concluded that the district court had abused its discretion in binding the defendant over for trial. Thus, the circuit court granted defendant's motion to quash the information and correspondingly dismissed the case. The prosecution now appeals as of right, and we reverse.

## I. PERTINENT BACKGROUND

On June 13, 2016, a crew of Detroit police officers raided a house located at 3294 Glendale in the City of Detroit to execute a narcotics search warrant. Once police arrived at the house, they separated into an entry team and a sole officer conducting perimeter security in the rear of the house. The entry team announced their presence at the house and subsequently made a forced entry into a side door after receiving no response. Around the same time, the perimeter officer spotted defendant fleeing from a rear door. The perimeter officer waited momentarily to see if anyone else was going to exit the building. When no one did, the perimeter officer began his pursuit of defendant. About a minute later, the perimeter officer caught up to defendant and apprehended him in an alleyway about three houses away from 3294 Glendale.

The entry team found no one inside, but observed that the rear kitchen door had been left open. The entry team also found approximately 12 kilograms of marijuana on and around the kitchen table. The marijuana had been divided into 28 gallon-sized bags and 15 knotted sandwich bags. There was also narcotic packaging material in the kitchen. Along with the large

-1-

amount of marijuana, the entry team found $4,950 in assorted cash on the kitchen table. Critically, the police also found defendant's wallet, which contained his driver's license, a health insurance card, and a credit card. No marijuana or marijuana paraphernalia was found on defendant. However, the police found $12,710 in assorted cash on defendant. Defendant was subsequently arrested and charged with possession with intent to deliver 5 to 45 kilograms of marijuana.

At defendant's preliminary examination, the district court concluded there was probable cause to bind defendant over to the trial court. Defendant then filed a motion to quash the information in the trial court. After holding a hearing on the motion, the trial court concluded that the district court had abused its discretion. The trial court then granted defendant's motion to quash the information and correspondingly dismissed the case.

## II. STANDARD OF REVIEW

This Court reviews a district court's decision "to bind over a defendant as well as the trial court's decision on a motion to quash an information" for an abuse of the district court's discretion. *People v Hamblin*, 224 Mich App 87, 91; 568 NW2d 339 (1997). In other words, the trial court's granting of a motion to quash the information is "reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000). Thus, no deference is given to the trial court's determination regarding whether the district court abused its discretion in binding over the defendant. *People v Henderson*, 282 Mich App 307, 313; 765 NW2d 619 (2009). An abuse of discretion occurs when a court's decision "falls outside the range of principled outcomes." *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010) (quotation marks and citation omitted).

## III. THE PROBABLE CAUSE ANALYSIS

If the district court concludes there is probable cause to believe the defendant has committed a felony, the defendant must be bound over to the trial court. MCR 6.110(E); MCL 766.13; *People v Corr*, 287 Mich App 499, 502-503; 788 NW2d 860 (2010). "Probable cause requires enough evidence to cause a person of ordinary caution and prudence to conscientiously entertain a reasonable belief of the defendant's guilt." *People v Ridge*, 319 Mich App 393, 403; 901 NW2d 406 (2017) (quotation marks and citation omitted). The prosecutor need not prove each element beyond a reasonable doubt at the preliminary examination stage, but rather, must present some evidence of each element to establish probable cause to believe the defendant committed the charged crime. *Henderson*, 282 Mich App at 312. Moreover, at this stage, the prosecutor can satisfy its burden through circumstantial evidence and reasonable inferences drawn from that evidence. *Id*.

The elements of possession with intent to deliver under MCL 333.7401(2)(d)(ii) are: "(1) defendant knowingly possessed a controlled substance, (2) defendant intended to deliver the controlled substance to someone else, (3) the substance possessed was marijuana and defendant was aware that it was [marijuana], and (4) the marijuana was in a mixture that weighed" more than 5 kilograms, but less than 45 kilograms. *People v Williams*, 268 Mich App 416, 419-420,

707 NW2d 624 (2005) (applying elements of possession with intent to deliver less than 5 kilograms of marijuana under MCL 333.7401(2)(d)(iii)); see also MCL 333.7401(2)(d)(ii) ("5 kilograms or more but less than 45 kilograms"). Consequently, the prosecutor must show enough evidence on the applicable elements to establish probable cause. *Henderson*, 282 Mich App at 312.

In this case, the prosecutor adequately established probable cause, and the district court did not abuse its discretion in binding defendant over to the trial court. First, for purposes of the preliminary examination, defendant had no objection to the preliminary analysis that indicated the seized bags contained approximately 12 kilograms of marijuana and the district court admitted that evidence. Thus, there is sufficient evidence to support probable cause on the quantity element of the charged crime.

Second, there is enough evidence to demonstrate probable cause that the defendant constructively possessed the marijuana. "Circumstantial evidence and the reasonable inferences that arise from the evidence can constitute satisfactory proof of possession." *People v Brown*, 279 Mich App 116, 136-137; 755 NW2d 664 (2008). A prosecutor may satisfy the possession element through constructive possession. *Id.* at 136. Further, constructive possession of an illegal substance may be found when the possessor has knowledge of its presence, character, and the right to control it. *Id.* However, a person's mere presence at a location where drugs are found is insufficient to show constructive possession. *People v Wolfe*, 440 Mich 508, 520; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Constructive possession can be found when "the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Wolfe*, 440 Mich at 521.

At bottom, the sum of the circumstances surrounding defendant indicate there is probable cause. Defendant was spotted fleeing the house as the police raid began. He exited a rear door. The police later found that the kitchen's rear door was open. The police then found defendant's wallet next to a large amount of marijuana and a sizeable amount of cash in the kitchen. The police also found over $12,000 on defendant. Taken together, it is nearly impossible to see how the district court's probable cause determination was not a principled outcome. The fact that defendant was fleeing as the police arrived, with a large amount of cash, while leaving his wallet behind with a large amount of marijuana and a separate but sizeable amount of cash suggests that defendant saw the police coming, took what he could, and ran.

It is not anomalous that someone would carry a large amount of cash on them. However, it becomes more anomalous when the large amount of cash is in close proximity to a second sizable amount of cash found in a place that defendant was spotted fleeing. By extension, when the place defendant ran from also included a significant amount of marijuana, it begins to become more likely that a cautious and prudent person would entertain a reasonable belief concerning defendant's guilt. Once one considers the placement of defendant's wallet in the midst of the marijuana and cash, surely it is reasonable to conclude that the wallet did not end up on the table by mistake or because it was lost or stolen.

Indeed, a cautious and prudent person could certainly entertain a reasonable belief that defendant knowingly possessed the marijuana because he was involved in some aspect of distributing the marijuana. That is, defendant's wallet was on the table because defendant was

-3-

engaged in some sort of activity with the marijuana in the kitchen, during which he placed his wallet on the table while he was interacting with the marijuana, and left the wallet inadvertently as he fled with what money he could. Thus, probable cause exists to believe that defendant was not merely present in the home, but was engaged in some activity in the kitchen related to the marijuana operation before the police arrived. In short, before the police arrived, defendant was in close proximity to the marijuana, and had the ability to control and dispose of the marijuana. See *Wolfe*, 440 Mich at 521-522 (importing reasoning from an out-of-state case indicating that constructive possession of a narcotic may be demonstrated by evidence that defendant had the ability to control or dispose of the drug). See also *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011) (noting that constructive possession can be demonstrated if there is proximity to the article together with indicia of control). Consequently, there is probable cause to believe that defendant possessed the marijuana.

Moreover, given the large volume of marijuana, the large amount of readily available cash, and the packaging materials, a court reasonably could infer intent to deliver. See *Williams*, 268 Mich App at 422 (noting that intent to deliver may be inferred through the amount of controlled substance possessed or from other circumstantial evidence). It is highly unlikely that multiple large gallon-sized bags of marijuana are for an individual's personal use. Further, the different sized bags suggest that the large bags of marijuana were being divided into smaller amounts for individual transactions. Likewise, the large amount of cash on hand suggests, among other things, that the cash represents the proceeds of drug transactions or a cash reserve to buy further supply.

There is also probable cause to believe that defendant knew the substance he possessed was marijuana. Given the fact that defendant likely exited the kitchen when fleeing, it seems illogical that he failed to notice the large amount of marijuana present in the kitchen, particularly when his wallet was found on the kitchen table near the marijuana. A cautious and prudent person could entertain a reasonable belief that defendant was aware that the controlled substance was marijuana.

Defendant raises many points about the credibility of the police and what information the police were actually able to glean from their entry into the house. However, these points do not negate probable cause. While they may raise reasonable doubt concerning defendant's guilt, that is not the inquiry at this stage of the proceeding. MCR 6.110(E) (requiring bindover to the trial court if there is probable cause regarding defendant's charge). Moreover, "the gap between probable cause and guilty beyond a reasonable doubt is broad . . . ." *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (citation omitted). Consequently, "to find probable cause, a [district court] need not be without doubts regarding guilt." *Id.* Thus, defendant's arguments are unavailing at this stage of the proceeding.

Given the evidence in this case, the finding of probable cause was within the range of principled outcomes because the evidence strongly indicates a prudent person would entertain reasonable belief about defendant's guilt. Consequently, the district court did not abuse its discretion, and the trial court erred in so concluding. By extension, the trial court's order granting the motion to quash the information and the corresponding order of dismissal were erroneously granted.

Reversed.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola