*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellant,

v

TRAYVON WHITAKER,

   Defendant-Appellee.

UNPUBLISHED
December 18, 2024
8:58 AM

No. 369098
Wayne Circuit Court
LC No. 23-003962-01-FH

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order dismissing without prejudice the charges against defendant of two counts of assaulting/resisting/obstructing a police officer (resisting an officer), MCL 750.8d(1). We reverse and remand.

## I. BACKGROUND

This case arises from the arrest of defendant for allegedly resisting two police officers. On August 3, 2023, Detroit Police Officer Lisa Latouf responded to Diamond Dot liquor store for an alleged larceny. During her investigation, Officer Latouf learned of a suspect and the suspect's address. After arriving at that address Officer Latouf noticed the suspect, who she identified as defendant, sitting on the porch with a group of approximately 10 people. Once backup arrived, Officer Latouf approached defendant. Defendant stood up and walked towards the front door of the home, and Officer Latouf ordered him to stop. Defendant continued to walk in that direction, so Officer Latouf approached and again told defendant to stop. Defendant turned around to face Officer Latouf and her partner, Officer Nundley. When Officer Latouf went to grab defendant's arm, defendant allegedly balled up his fists and started to pull away. Defendant allegedly resisted arrest and would not walk off the porch with the officers. After 10 minutes, and with the help of four other officers, defendant was handcuffed and placed in the back of a police car. Defendant was charged with two felony counts of resisting an officer, MCL 750.81d(1), and third-degree retail fraud, MCL 750.356d(4), a misdemeanor.

The district court bound over defendant after a preliminary examination, finding the prosecution had met its burden in establishing the elements of resisting an officer for both counts.

-1-

Defendant moved to quash the felony information in the trial court. After a hearing, the trial court found Officer Latouf did not possess probable cause to arrest defendant when she approached him, making her actions and commands unlawful. The trial court granted defendant's motion to quash the felony information and dismissed the charges without prejudice. The prosecution now appeals.

## II. DISCUSSION

The prosecution argues the trial court abused its discretion when it dismissed the charges against defendant because it improperly granted defendant's motion to quash. We agree.

## A. STANDARD OF REVIEW

"We review de novo the bindover decision to determine whether the district court abused its discretion, giving no deference to the circuit court's decision. " *People v Hawkins*, 340 Mich App 155, 173; 985 NW2d 853 (2022) (quotation marks and citation omitted). "A circuit court's decision with respect to a motion to quash a bindover order is not entitled to deference because this Court applies the same standard of review to this issue as the circuit court." *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000). "Thus, in simple terms, we review the district court's original exercise of discretion." *Id.* "An abuse of discretion occurs if the court does not select a reasonable and principled outcome." *People v Simon*, 339 Mich App 568, 580; 984 NW2d 800 (2021). "The district court abuses its discretion by binding over a defendant when the prosecution has failed to present sufficient evidence to support each element of the charged offense." *Id.* "To the extent that a lower court's decision on a motion to quash the information is based on an interpretation of the law, appellate review of the interpretation is de novo." *People v Miller*, 288 Mich App 207, 209; 765 NW2d 156 (2010).

## B. ANALYSIS

The prosecution argues there was probable cause to arrest defendant because Officer Latouf was conducting a lawful *Terry*[1] stop, making her commands lawful and defendant's resistance to those commands sufficient cause to arrest defendant for resisting an officer. "The district court conducts a preliminary examination to determine whether a felony has been committed and whether probable cause exists to believe that the defendant committed the felony." *Hawkins*, 340 Mich App at 174. " 'Probable cause requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.' " *Id.*, quoting *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003). "In order to bind a defendant over for trial in the circuit court, the district court must find probable cause that the defendant committed a felony. This standard requires evidence of each element of the crime charged or evidence from which the elements may be inferred." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016) (citations and quotation marks omitted).

Defendant was charged with two counts of resisting an officer. The elements for resisting an officer are: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that

---

[1] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). Additionally, "the prosecution must establish that the officers acted lawfully as an actual element of the crime of resisting or obstructing a police officer under MCL 750.81d." *People v Quinn*, 305 Mich App 484, 492; 853 NW2d 383 (2014). With respect to this third element, this Court has held:

> For an arrest to be lawful, the police officer making the arrest must have probable cause, either that a felony or misdemeanor was committed by the individual in the officer's presence, or that a felony or specified misdemeanor (i.e., a misdemeanor punishable by imprisonment for more than 92 days) occurred outside the officer's presence and that the individual in question committed the offense. [*People v Vandenberg*, 307 Mich App 57, 69; 859 NW2d 229 (2014).]

"Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Id*., quoting *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996).

The prosecution clearly satisfied this burden with regards to the first element of resisting an officer. Officer Latouf testified defendant was aggressive toward her and another police officer, balled his fists when he interacted with the officers, pulled against her, and refused to move when asked. Officer Latouf also testified about the interaction taking over 10 minutes and involving four police officers. The prosecution presented enough evidence to establish defendant resisted, obstructed, and opposed the officers. *Corr*, 287 Mich App at 503.

For the second element, the prosecution must establish defendant knew, or had reason to know, the officer was performing her official duties. *Id*. On cross-examination, Officer Latouf did not say when she informed defendant he was being detained, investigated, or arrested. Additionally, the record does not identify Officer Latouf telling defendant he was under investigation for the alleged larceny. However, the second element for resisting an officer requires "the defendant *knew or had reason to know* that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *Corr*, 287 Mich App at 503 (emphasis added).

Defendant saw Officer Latouf pull up with other police officers. While not explicitly mentioned, it can be inferred Officer Latouf arrived in a police car because defendant was eventually placed in her patrol car. See *Seewald*, 499 Mich at 116 (The district court can infer the elements of a crime from evidence for bindover purposes.). While defendant was not told why Officer Latouf was there, and the record is unclear when defendant was eventually told, the fact the officer pulled up in a police car in her police uniform would give defendant reason to know she was performing her duties as a police officer. The prosecution provided enough evidence to establish the second element because defendant should have known Officer Latouf and the other police officers were performing their official duties when Officer Latouf ordered him to stop. *Hawkins*, 340 Mich App at 174.

The third element requires the officers to have acted lawfully when engaged with defendant. *Quinn*, 305 Mich App at 492. The prosecution argued Officer Latouf did not go to arrest defendant but conducted a *Terry* stop to detain defendant to question him about the larceny. Both the Michigan and United States Constitutions guarantee the right against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. The Michigan Supreme Court has ruled that "the Michigan Constitution is to be construed to provide the same protection as that secured by the Fourth Amendment, absent compelling reason to impose a different interpretation." *People v Slaughter*, 489 Mich 302, 311; 803 NW2d 171 (2011) (quotation marks and citation omitted). An exception to the warrant requirement for seizures of a person is an investigatory stop, referred to as a *Terry* stop. *Champion*, 452 Mich at 98. "Police officers may make a valid investigatory stop if they possess 'reasonable suspicion' that crime is afoot." *Id*. "Reasonable suspicion entails something more than an inchoate or unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause." *Id*. Our Supreme Court in *Champion* further held:

> A valid investigatory stop must be justified at its inception and must be reasonably related in scope to the circumstances that justified interference by the police with a person's security. Justification must be based on an objective manifestation that the person stopped was or was about to be engaged in criminal activity as judged by those versed in the field of law enforcement when viewed under the totality of the circumstances. The detaining officer must have had a particularized and objective basis for the suspicion of criminal activity. [*Id*. at 98-99.]

"Whether this standard is met in a particular case is fact-specific and requires an analysis of the totality of the circumstances known by the officer when the seizure occurred." *People v Prude*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165664); slip op at 3. "[F]actors that in isolation appear innocent may, in combination, provide a police officer with reasonable suspicion to justify an investigative stop." *People v Oliver*, 464 Mich 184, 193; 627 NW2d 297 (2001).

Here, the prosecution provided testimony from Officer Latouf to establish reasonable suspicion. Officer Latouf's testimony was vague with respect to the larceny, which was the basis for the investigatory stop, but it is sufficient to meet the low bar for reasonable suspicion. Officer Latouf's testimony was the only evidence provided by the prosecution to establish reasonable suspicion to detain defendant. The only additional evidence provided about the larceny was on cross-examination when Latouf disclosed that two bottles of motor oil were taken from the liquor store. Officer Latouf's testimony was sufficient to establish defendant was involved in the larceny because she was given defendant's name, address, and description during her investigation at the liquor store, with defendant being identified as the perpetrator. These facts gave Officer Latouf an objective basis to stop and question defendant.

The facts known to the detaining officer leading up to a *Terry* stop must be "particularized and objective" regarding "the suspicion of criminal activity." *Champion*, 452 Mich at 98. While Officer Latouf had reasonable suspicion to detain defendant under *Terry* for the larceny, defendant's arrest was for resisting an officer. Officer Latouf's command for defendant to stop was lawful because she had reasonable suspicion to stop and question defendant about the larceny. Because her command was lawful, defendant walking away from her, resisting her, and not

following her commands gave Officer Latouf probable cause to arrest defendant for resisting an officer. *Corr*, 287 Mich App at 503. Thus, the prosecution established the third and final element for resisting an officer. *Quinn*, 305 Mich App at 492. Therefore, the district court did not abuse its discretion when it bound over defendant.

## III. CONCLUSION

The district court did not abuse its discretion when it bound defendant over for trial. Accordingly, we reverse the trial court's order granting defendant's motion to quash and dismissing the case and we remand for further proceedings. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien