*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MATTHEW ANTHONY JONES,

Defendant-Appellant.

UNPUBLISHED
October 14, 2025
3:19 PM

No. 371833
Genesee Circuit Court
LC No. 22-050046-FH

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Defendant, Matthew Anthony Jones, was convicted by jury verdict of third-degree fleeing and eluding, MCL 750.479a(3), resisting or obstructing a police officer (R&O), MCL 750.81d(1), and misdemeanor domestic violence, MCL 750.81(2), but he was acquitted of assault with intent to do great bodily harm less than murder (assault GBH), MCL 750.84, and assault, MCL 750.81(1). On appeal, defendant challenges the sufficiency of the evidence supporting his R&O conviction. We affirm.

## I. FACTUAL BACKGROUND

In June 2022, defendant and Latoya Brewer had been in a romantic relationship for two months, and were riding together in defendant's vehicle with Latoya's son, JBT. Defendant and Latoya had been arguing throughout the day, and Latoya threw defendant's bag out of the vehicle's window. At trial, it was alleged that defendant often carried a firearm in that bag. Latoya testified that she jumped out of the car as defendant attempted to hit her, she grabbed defendant's bag off the ground, and ran into a nearby liquor store. Defendant ran into the store after Latoya with JBT behind him. Latoya and JBT testified that, once they were in the back of the store, defendant began choking Latoya, and JBT attempted to choke defendant in defense of his mother. Latoya and JBT asserted that defendant stopped choking Latoya, she attempted to fight him off, and then defendant left the liquor store and got back into his vehicle.

Genesee County park ranger Jeremy Driggett was on patrol in uniform, in a fully-marked park-ranger police vehicle, when he noticed a group of people focusing their attention on a vehicle that was stopped in the roadway. He saw an adult Black female and a juvenile Black male walking

away from the vehicle. The female called out to park ranger Driggett for help and said defendant had a gun. Defendant's vehicle drove slowly past park ranger Driggett's vehicle, coming within six or seven feet, as both vehicles' windows were down. As defendant looked right at park ranger Driggett, the park ranger instructed defendant to stop, but defendant did not stop. He continued to drive his vehicle into the parking lot of the liquor store. Park ranger Driggett performed a U-turn, maneuvered behind defendant's vehicle, and activated his overhead lights. Defendant fled in his vehicle, so park ranger Driggett activated his siren and engaged in a pursuit. Defendant eventually stopped his vehicle and was arrested without further incident. The bag was never recovered.

Defendant was convicted by a jury of third-degree fleeing and eluding, R&O, and domestic violence, but he was acquitted of assault GBH and assault. Defendant now appeals of right.

## II. LEGAL ANALYSIS

Defendant asserts that the prosecution presented insufficient evidence at trial to establish, beyond a reasonable doubt, that he assaulted, battered, wounded, resisted, obstructed, opposed, or endangered the park ranger, particularly because the prosecution did not show that defendant heard park ranger Driggett's verbal command to stop. We review de novo a challenge to the sufficiency of the evidence supporting a conviction. *People v Harverson*, 291 Mich App 171, 175-177; 804 NW2d 757 (2010). In considering whether sufficient evidence exists to sustain a conviction, we must review all of the evidence in the light most favorable to the prosecution, and decide whether "there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). "[T]he standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict," no matter "whether the evidence is direct or circumstantial." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks and citations omitted). Indeed, circumstantial evidence and all of the reasonable inferences arising from that evidence can "constitute satisfactory proof of the elements of a crime." *Id*.

In order to obtain a conviction of the crime of R&O under MCL 750.81d(1), the prosecutor must establish that "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). Additionally, " 'the prosecution must establish that the officers' actions were lawful' as an element of resisting or obstructing a police officer under MCL 750.81d." *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014), quoting *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012). The term "obstruct" is defined as including "a knowing failure to comply with a lawful command." MCL 750.81d(7)(a).

Park ranger Driggett testified that the window on his patrol vehicle was lowered, and so was the window on defendant's vehicle. He further testified that defendant drove his vehicle very slowly past the patrol vehicle, coming within six or seven feet. While defendant was passing the patrol vehicle, defendant was looking directly at park ranger Driggett, who instructed defendant to stop. But defendant did not stop his vehicle. Instead, defendant drove his vehicle into the parking lot of the liquor store. That evidence, when viewed in the light most favorable to the prosecution, was sufficient to permit a reasonable juror to conclude, beyond a reasonable doubt, that defendant

committed the offense of R&O because, at minimum, he failed to follow a lawful command. Thus, we reject defendant's claim that the trial record does not contain sufficient evidence to support his conviction of R&O.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates