**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 18, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                 No. 119049

DESHOWN R. PASHA,

    Defendant-Appellant.

_____

PER CURIAM

After a bench trial, defendant was convicted of possession of less than twenty-five grams of heroin[1] and carrying a concealed weapon.[2] On appeal, defendant argued that the concealed weapon conviction was not supported by the evidence. The Court of Appeals affirmed on authority of *People v Marrow*, 210 Mich App 455; 534 NW2d 153 (1995), aff'd 453 Mich 903 (1996). We reverse the CCW conviction and overrule the Court of Appeals holding in *Marrow* to the extent

---

[1] MCL 333.7403(2)(a)(v).

[2] MCL 750.227(2).

that it requires lawful ownership of a pistol as a prerequisite to a valid claim to an exception contained in the concealed weapons statute, MCL 750.227(2). In light of the effect of our decision on the administration of justice, we limit the retroactive effect of our holding to certain categories of cases currently pending on appeal, as discussed below.

I

In December 1998, police raided the house where defendant was living. The police officers testified they found defendant standing over a toilet, attempting to flush away some heroin. In the process of securing defendant, the officers found a pistol in the waistband of his pants. Defendant testified that he was in boxer shorts when he opened the door to the house for police and that the pistol that was seized was actually found by police under a couch.

Defendant was charged with possession of less than twenty-five grams of heroin, possession of a firearm during the commission of a felony,[3] and with being an habitual offender, third offense.[4] The trial court found defendant guilty of the possession offense, acquitted him of the felony-firearm charge, and then indicated it was convicting him of

---

[3] MCL 750.227b.

[4] MCL 769.11

2

carrying a concealed weapon, MCL 750.227(2).[5]  Defendant was sentenced to one to four years for the possession conviction and one to five years for the CCW conviction.

The Court of Appeals affirmed.[6]  Defendant has applied for leave to appeal.

## II

With regard to the possession and carrying of firearms and having them within a dwelling house, the following statutes are germane.  MCL 28.422 forbids a person from purchasing, carrying, or transporting a pistol without first obtaining a license.  MCL 750.224f forbids certain felons, such as defendant, from possessing a firearm.  Further, MCL 750.227(2), our CCW statute, provides that, absent a concealed weapons permit, a person may not carry a pistol in a concealed manner except in a dwelling house, place of business, or other land possessed by the person.  In this case, we deal with the exception known as the dwelling house exception.

---

[5]

A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

[6] Unpublished memorandum opinion, issued February 23, 2001 (Docket No. 220092).

In *Marrow*, the Court of Appeals read MCL 28.422 together with MCL 750.227(2) to conclude that, while the Legislature intended the CCW statute to allow a person to conceal an otherwise lawful firearm to defend his property, the dwelling house exception to the CCW statute did not sweep so broadly as to extend to one who was precluded from even possessing or carrying a weapon such as a felon under MCL 750.224f. Thus, the defendant, a felon, who was standing with a gun in front of his house shortly before being apprehended by a police officer, could not avail himself of the dwelling house exception, and his CCW conviction was upheld.[7]

### III

Pursuant to the rule outlined in *Marrow,* the Court of Appeals in this case held that the dwelling house exception to the CCW statute does not apply to persons who are not lawful possessors of weapons and that defendant was appropriately convicted of CCW.

In reviewing whether the CCW statute can sustain such an interpretation as offered by the *Marrow* Court, and now the

---

[7] It is important to note that buttressing the Court's peremptory order, and indeed relied upon by this Court in our affirmance of the judgment, was the fact the defendant did not have a sufficient possessory interest in the property to come within the dwelling house exception. This Court said:

> [W]e affirm the judgment of the Court of Appeals on the ground that the defendant did not have a possessory interest in the area between the sidewalk and roadway sufficient to come within the exception stated in the statute. MCL 750.227. [453 Mich 903 (1996).]

current Court of Appeals panel, it is well to begin by recalling the bedrock rule that the goal of judicial interpretation of a statute is to ascertain and give effect to the intent of the Legislature. *McJunkin v Cellasto Plastic Corp*, 461 Mich 590, 598; 608 NW2d 57 (2000). "The first step in that determination is to review the language of the statute itself." *In re MCI Telecommunications Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). Thus, if the language is clear, no further construction is necessary or allowed to expand what the Legislature clearly intended to cover. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). The application of this rule is dispositive of this matter.

MCL 750.227(2) provides:

> A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

In order to qualify for the dwelling house exception, the defendant must present evidence that the location where the concealed pistol was carried was defendant's dwelling house. No other condition, such as lawful ownership of the pistol, is statutorily required. To state this proposition is to expose the problem with *Marrow* in that *Marrow* effectively read a requirement of lawful ownership of the weapon into the

dwelling house exception to the CCW statute. Such an addition of a requirement simply cannot be done by a court. If such a condition is to be added, it must be added by the Legislature. As that has not happened, this defendant has been convicted of a crime that does not apply to him, and his conviction is invalid. We therefore overrule the Court of Appeals holding in *Marrow* that requires lawful ownership of the pistol as a prerequisite to a valid claim to an exception contained in MCL 750.227(2).[8]

Moreover, we express our disapproval of the practice employed by the trial court in this case. The prosecutor charged defendant with felony-firearm, MCL 750.227b. The trial court did not explain why defendant was not guilty of that offense. Instead, it convicted defendant of CCW, an offense that the prosecutor did *not* charge. It is doubtful that CCW was truly a "cognate" offense of felony-firearm, so the trial court probably lacked authority to convict the defendant of that offense even under this Court's pre-*People v Cornell*, 466 Mich ___; ___ NW2d ___ (2002),[9] jurisprudence.

---

[8] We emphasize that our holding is confined to an interpretation of the dwelling house exception to the CCW statute. Convicted felons who possess firearms remain subject to prosecution under other weapon laws, including 18 USC 922(g)(1) and MCL 750.224f. See generally *Old Chief v United States*, 519 US 172; 117 S Ct 644; 136 L Ed 2d 574 (1997); *United States v Gordon*, 744 F Supp 149 (ED Mich, 1990); *People v Swint*, 225 Mich App 353; 572 NW2d 666 (1997).

[9] Following our decision in *Cornell*, the trier of fact may no longer convict a defendant of a cognate lesser offense.

6

This Court will reverse a conviction on the basis of an unpreserved nonconstitutional error if the error was plain and affected substantial rights and if the defendant is actually innocent or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). We conclude that defendant has met the *Carines* standard. The error is plain and defendant's substantial rights have been affected. Since it is clear defendant possessed the gun in his residence, he has demonstrated, with regard to the CCW conviction, that he is actually innocent.[10] Defendant's CCW conviction is reversed, and we enter a directed verdict of acquittal. MCR 7.316(A)(7).

Finally, we consider the effect of our decision to overrule *Marrow*'s interpretation of the statutory dwelling house exception. Prosecutors and courts have relied on *Marrow* in deciding whether to charge or convict a defendant of CCW. Full retroactive application of our holding would undermine the interest in finality of convictions and disrupt the effective administration of justice.

Accordingly, the retroactive effect of our decision is limited to certain cases currently pending on appeal. To seek

---

[10] While it appears defendant could have been prosecuted for being a felon in possession of a firearm, MCL 750.224f, he was not so charged. There also was no apparent obstacle to a felony-firearm conviction.

retroactive application of our holding in a case currently pending on appeal, a defendant must demonstrate that 1) the dwelling house exception issue has been raised on appeal, and 2) the defendant either preserved the issue in the trial court or is entitled to relief under *Carines*. See, generally, *Cornell*, *supra*; *Lowe v Estate Motors Ltd*, 428 Mich 439, 475; 410 NW2d 706 (1987); *Murray v Beyer Mem Hosp*, 409 Mich 217, 221-223; 293 NW2d 341 (1980).

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                                          No. 119049

DESHOWN R. PASHA,

    Defendant-Appellant.

_____

CAVANAGH, J. (*dissenting*).

I would not resolve this case by a per curiam opinion. This case raises a jurisprudentially significant issue of statutory interpretation: whether a felon in possession of a concealed weapon convicted of CCW may avail himself of the dwelling house exemption in the CCW statute, MCL 750.227(2). In answering this issue, the per curiam opinion overrules the Court of Appeals holding in, *People v Marrow*, 210 Mich App 455; 534 NW2d 153 (1995), aff'd, 453 Mich 903; 554 NW2d 901 (1996), which previously interpreted MCL 750.227(2) for the same reason. I would rather grant leave so we may receive the benefit of full briefing and argument by the parties before taking such action.

    KELLY, J., concurred with CAVANAGH, J.