686 N.W.2d 748 (2004)
262 Mich.App. 370
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Michael Aaron VENTURA, Defendant-Appellee.
Docket No. 248064.
Court of Appeals of Michigan.
Submitted June 2, 2004, at Lansing.
Decided June 10, 2004, at 9:10 a.m.
Released for Publication August 18, 2004.
Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, David L. Morse, Prosecuting Attorney, and William J. Vailliencourt, Jr., Assistant Prosecuting Attorney, for the people.
Heather K. Suthpin and Michael P. Hatty, Howell, Brighton, for the defendant.
Before: HOEKSTRA, P.J., and O'CONNELL and DONOFRIO, JJ.
DONOFRIO, J.
The prosecution appeals as of right from an order granting defendant's motion to quash the information and dismiss the case. Because we disagree with the trial court's finding that MCL 750.81d requires a showing that defendant's arrest was lawful, we reverse.
Substantive Facts and Procedural History
Defendant, a minor at the time of the offense at issue, was charged under the assault chapter of the Michigan Penal Code with assaulting, resisting, and obstructing a police officer, MCL 750.81d, and also with being a minor in possession *749 of alcohol, MCL 436.1703(1)(a). Officer Robert Light testified to the following at the preliminary hearing. On October 26, 2002, Officer Light went to defendant's residence around 8:15 p.m. to investigate a complaint about a stolen handgun. Officer Light testified that he initially spoke with defendant and noticed an odor of alcohol coming from defendant's breath. Officer Light knew defendant was a minor and asked him if he would submit to a preliminary breath test. Defendant initially agreed, but then pulled away. Officer Light asked defendant to blow out a "nice strong breath" and the officer observed a strong odor of alcohol and believed he might be intoxicated or under the influence of alcohol.
On the basis of his observations of defendant and the odor of alcohol on defendant's breath, Officer Light informed defendant that he was under arrest. Officer Light grabbed one of defendant's arms to place defendant in handcuffs, but defendant broke free of the officer's grasp. Defendant's sister jumped on the officer's back and started scratching and clawing at his face. After receiving assistance from other officers at the scene, Officer Light was finally able to get defendant handcuffed by utilizing pressure points underneath defendant's nose and chin and placed him under arrest.
Defendant moved to suppress the evidence and to dismiss the charges. Defendant's counsel stated that the officer thought he smelled alcohol on defendant's breath, but when the other officers searched the house, there was no alcohol in the house. Defendant's counsel further argued that, pursuant to People v. Rutledge, 250 Mich.App. 1, 645 N.W.2d 333 (2002), once alcohol is in one's system, it is no longer possessed or consumed. The prosecutor responded that Officer Light had permission to go into the home, and while conducting his investigation, he smelled the odor of alcohol on defendant, who was under twenty-one years of age. The trial court made its ruling from the bench the next day. The trial court granted defendant's motion. The trial court reasoned:
He was arrested for minor in possession, having consumed alcohol. The record in this case indicates that the only possession that was involved was that which was not analyzed coming from his stomach. I'm satisfied that what might be in his stomach would not be a valid reason for arresting for possession of alcohol and so I'm disregarding that as the basis for the arrest.
The trial court continued by stating it was clear there was no direct evidence of the consumption of alcoholic beverages by defendant. The trial court then stated that the question was whether the officer could arrest someone in his home without a warrant for consumption of alcohol. Because the consumption obviously did not take place in the presence of the officer, the trial court was satisfied that the officer did not have the right to arrest defendant.
The trial court stated the next question was whether defendant had the right to resist the illegal arrest in his home. The trial court continued:
I say yes. I know that under our new statute we don't have definitive definitions from the appellate courts. Under the old statute there was the right to resist an illegal arrest. I construe a reasonable interpretation of the current statute to prohibit  to allow an illegal arrest in someone's cutilidge [sic] and that's what took place here. I'm satisfied that the motion to quash in this case should be granted.
The court later entered an order consistent with its bench rulings. It is from this order that the prosecutor appeals.

*750 Analysis
The prosecutor argues the trial court erred when it dismissed the assaulting, resisting, and obstructing charge on the basis of defendant's right to resist an illegal arrest where the lawfulness of an arrest is not an element under the amended assault chapter, MCL 750.81d.[1] Defendant counters that a reasonable interpretation of MCL 750.81d, while taking into account decades of common law and public policy, would be that the Legislature intended that officers still must lawfully arrest citizens. We review this question of statutory interpretation de novo. People v. Davis, 468 Mich. 77, 79, 658 N.W.2d 800 (2003).

I
It has been long-standing law in Michigan that under the common law and the earlier resisting arrest statute, MCL 750.479, that "one may use such reasonable force as is necessary to prevent an illegal attachment and to resist an illegal arrest." People v. Krum, 374 Mich. 356, 361, 132 N.W.2d 69 (1965); see also People v. Wess, 235 Mich.App. 241, 244, 597 N.W.2d 215 (1999). The prior resisting arrest statute, MCL 750.479, stated in relevant part:
Any person who shall knowingly and willfully ... obstruct, resist, oppose, assault, beat or wound ... any person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace shall be guilty of a misdemeanor....
This Court has stated the elements of resisting arrest under MCL 750.479 were: (1) the defendant resisted arrest, (2) the arrest was lawful, (3) the person arresting the defendant was an officer of the law at the time, (4) the defendant knew the person was an officer, (5) the defendant knew the person was making an arrest, and (6) the defendant intended to resist. People v. MacLeod, 254 Mich.App. 222, 226, 656 N.W.2d 844 (2002), citing MCL 750.479; People v. Little, 434 Mich. 752, 755 n. 5, 456 N.W.2d 237 (1990). Therefore, under MCL 750.749, the right to resist an unlawful arrest was, in essence, a defense to the charge of resisting arrest, because the legality of the arrest was an element of the charged offense. People v. Rice, 192 Mich. App. 240, 243, 481 N.W.2d 10 (1991).
On May 9, 2002, MCL 750.81d was enacted. It states in relevant part:
(1) Except as provided in subsections (2), (3), and (4), an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.
The trial court found that the newly enacted statute, MCL 750.81d, also requires a showing of a lawful arrest.
"The goal of judicial interpretation of a statute is to ascertain and give effect to the intent of the Legislature." Davis, supra, 468 Mich. at 79, 658 N.W.2d 800 citing People v. Pasha, 466 Mich. 378, 382, 645 N.W.2d 275 (2002). To accomplish this objective, the court must begin by examining the language of the statute. Id. "If the language is clear and unambiguous, `no further construction is necessary or allowed to expand what the Legislature clearly intended to cover.'" Id., quoting Pasha, supra, 466 Mich. at 382, 645 *751 N.W.2d 275. "[A] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." Id., quoting Roberts v. Mecosta Co. Gen. Hosp., 466 Mich. 57, 63, 642 N.W.2d 663 (2002). This Court has also stated:
"Courts must read the statutory language being construed in light of the general purpose sought to be accomplished. Where the language is so plain as to leave no room for interpretation, courts should not read into it words that are not there or that cannot fairly be implied." [People v. Ramsdell, 230 Mich.App. 386, 393, 585 N.W.2d 1 (1998), quoting Lumley v. Univ. of Michigan Bd. of Regents, 215 Mich.App. 125, 129, 544 N.W.2d 692 (1996) (citations omitted).]
Examining the language of the MCL 750.81d, unlike in MCL 750.479, we find no reference to the lawfulness of the arrest or detaining act. The language of MCL 750.81d is abundantly clear and states only that an individual who resists a person the individual knows or has reason to know is performing his duties is guilty of a felony. MCL 750.81d. Because the language of the statute is clear and unambiguous, further construction is neither necessary nor permitted, and we decline to "`expand what the Legislature clearly intended to cover'" and "read in" a lawfulness requirement. Davis, supra, 468 Mich. at 79, 658 N.W.2d 800 citing Pasha, supra, 466 Mich. at 382, 645 N.W.2d 275.
"Courts and legislatures in other jurisdictions have found the right to resist an unlawful arrest to be outmoded in our contemporary society." Wess, supra, 235 Mich.App. at 245, 597 N.W.2d 215. In Wess, after finding that a citizen's right to use such reasonable force as is necessary to prevent an illegal attachment and to resist an illegal arrest does not extend to third-party intervenors, this Court discussed the status of Michigan's unlawful-arrest theory. The Wess Court stated:
We share the concerns of other jurisdictions that the right to resist an illegal arrest is an outmoded and dangerous doctrine, and we urge our Supreme Court to reconsider this doctrine at the first available opportunity and to bring Michigan in line with the majority view as articulated in State v. Valentine, 132 Wash.2d 1, 935 P.2d 1294 (1997). We see no benefit to continuing the right to resist an otherwise peaceful arrest made by a law enforcement officer, merely because the arrestee believes the arrest is illegal. Given modern procedural safeguards for criminal defendants, the "right" only preserves the possibility that harm will come to the arresting officer or the defendant. [Wess, supra, 235 Mich.App. at 244-245 n. 1, 597 N.W.2d 215.]
When the Legislature enacts statutes, it has knowledge of existing laws on the same subject, People v. Ramsdell, 230 Mich.App. 386, 393, 585 N.W.2d 1 (1998), and it is not within our province to disturb our Legislature's obvious affirmative choice to modify the traditional common-law rule that a person may resist an unlawful arrest. When prosecuting a charge drawn upon MCL 750.81d, we adopt the modern rule that a person may not use force to resist an arrest made by one he knows or has reason to know is performing his duties regardless of whether the arrest is illegal under the circumstances of the occasion.
Assaulting, resisting, or obstructing an officer while he is performing his duty must be avoided for the safety of all society, regardless of the legality of the arrest. It is the immediate harm that can be attendant to an arrest when a subject engages *752 in assaultive, resistant, or obstructive behavior that the Legislature seeks to eradicate. Solid mechanisms are in place to guarantee the safety of those arrested, and, to correct any injustices that may result from an illegal arrest. The statute at issue, MCL 750.81d, now serves as another mechanism to reduce the likelihood and magnitude of the potential dangers inherent in an arrest situation, thereby dually protecting both the general public and its police officers.

II
Finally, the prosecutor states in his brief on appeal that defendant's arrest for minor in possession was not statutorily permitted but argues that it was constitutionally valid. Despite the prosecutor's concession that defendant's arrest was invalid under MCL 764.15, our resolution of the first issue permits the prosecutor to prosecute defendant for resisting arrest under MCL 750.81d; therefore, we decline to further comment on the issue.

Conclusion
A person may not use force to resist an arrest made by one he knows or has reason to know is performing his duties regardless of whether the arrest is illegal when charged pursuant to MCL 750.81d. Because MCL 750.81d does not require a showing that defendant's arrest was lawful, we reverse.
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
JOEL P. HOEKSTRA and PETER D. O'CONNELL, JJ., concur.
NOTES
[1] This includes resisting and obstructing, as compared to MCL 750.479 contained in the public offices and officer chapter.