# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 30, 2006

130493

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

TYROSH TRENCELL BROWN,
     Defendant-Appellant.

SC: 130493
COA: 257547
Kent CC: 03-008877-FH

_____/

     On order of the Court, the application for leave to appeal the December 15, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

     KELLY, J., dissents and states as follows:

     This Court should grant leave to appeal to consider whether defendant was subjected to abuse of authority by the police and, if so, whether it rendered unlawful his arrest for disorderly conduct. In addition, the Court should consider overruling the Court of Appeals decision in *People v Ventura,* 262 Mich App 370 (2004).

     Two police officers went to defendant's home with an arrest warrant for Eddie Lee Smith for alleged domestic violence. The officers did not have a warrant to search the home. On arriving, they approached defendant's mother who was on the porch and asked her if she knew Smith's whereabouts. Defendant came out of the house and told the officers to leave and that his mother did not have to talk to them. There is no evidence that defendant's mother had anything to say to the police.

     The officers told him they would leave after they asked a few questions. Defendant again told them to get out of his house and that he and his mother knew nothing about Smith's whereabouts. What followed was an unfortunate escalation of defendant's anger at the officers' refusal to leave his property. A melee ensued when the

officers tried to arrest defendant for "disorderly creating."[1]  In the end, several officers were injured and other members of defendant's family were arrested.

I believe that this Court should grant leave to appeal on the question whether the attempted arrest for disorderly conduct was unlawful.  Defendant asserts that any disorderly conduct on his part was initiated by the officers' refusal to vacate the premises after he told them to leave.  The question is whether they were trespassing under MCL 750.552.

Because of *Ventura, supra,* the lower courts were obligated to rule against defendant.  *Ventura* holds that, under MCL 750.81d, the validity of the arrest is not a defense to resisting arrest.  MCR 7.215(J)(1)  I believe that serious questions exist about the validity of *Ventura*.  Therefore, I would grant leave to appeal in this case to consider overruling *Ventura*.

---

[1] "Disorderly creating" is Grand Rapids Ordinance § 9.137, which provides in part that:

No person shall:

(1) Create or engage in any disturbance, fight or quarrel in a public place.

(2) Create or engage in any disturbance, fight, or quarrel that causes or tends to cause a breach of the peace.

(3) Disturb the peace and quiet by loud or boisterous conduct.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 30, 2006

_____
Clerk

s0627