# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICKY THEODORE STRICKLIN,

        Defendant-Appellant.

FOR PUBLICATION
January 9, 2018
9:15 a.m.

No. 335616
Muskegon Circuit Court
LC No. 15-066431-FH

Before: METER, P.J., and BORRELLO and BOONSTRA, JJ

BOONSTRA, J.

Defendant appeals by delayed leave granted[1] his convictions, following a bench trial, of third-offense domestic violence, MCL 750.81(4),[2] and witness intimidation, MCL 750.122(7)(b).[3] The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 2 to 12 years for each offense. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On appeal, defendant challenges only his sentence, not his convictions. Defendant's domestic violence conviction arose from an incident in which he repeatedly punched his girlfriend in the face. His witness intimidation conviction arose from his placement of a call to the victim from jail, while he was awaiting trial, during which he told the victim not to come to court for his trial. This call was recorded and admitted into evidence. It was undisputed that defendant had two previous domestic violence convictions, and that he had committed sufficient

---

[1] *People v Stricklin*, unpublished order of the Court of Appeals, issued March 20, 2017 (Docket No. 335616).

[2] At the time of defendant's sentencing on May 9, 2016, the applicable subsection of the statute was MCL 750.81(4). See 2012 PA 366 (effective April 1, 2013). However, as of July 25, 2016, the statute was amended, and the third-offense domestic violence provision now falls under MCL 750.81(5). See 2016 PA 87 (effective July 25, 2016).

[3] The trial court acquitted defendant of interfering with an electronic communication, MCL 750.540(5)(a).

prior felonies to be charged as a fourth-offense habitual offender; defendant does not contest these facts on appeal.

At sentencing, defendant argued that his convictions should only be enhanced to a maximum sentence of 15 years by virtue of his habitual offender status. Defendant further argued that his witness intimidation sentence should be based on the underlying offense of domestic violence without any habitual offender enhancements. The trial court rejected both arguments, holding that defendant's habitual offender status warranted an enhancement of his maximum sentence for domestic violence to life imprisonment, and indicated that it would proceed on that basis.[4] With regard to the witness intimidation conviction, the trial court based its sentence on the underlying crime of third-offense domestic violence as enhanced by defendant's habitual offender status.[5]

The trial court sentenced defendant as described. This appeal followed.

## II. DOMESTIC VIOLENCE SENTENCE

Defendant argues that he is entitled to resentencing because his sentence for domestic violence was erroneously enhanced under both the domestic violence statute and the habitual offender act. We disagree. Defendant's argument presents a question of statutory interpretation, which we review de novo. See *People v Flick*, 487 Mich 1, 9; 790 NW2d 295 (2010).

MCL 750.81 provides in pertinent part:

> (2) Except as provided in subsection (3) or (4), an individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.
>
> . . .
>
> (4) An individual who commits an assault or an assault and battery in violation of subsection (2), and who has 2 or more previous convictions for assaulting or assaulting and battering his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, under any of the following, is guilty of a felony

---

[4] The trial court did not actually sentence defendant to a maximum sentence of life imprisonment; indeed, the maximum sentence imposed was less than the 15 year maximum sentence advocated for by defendant.

[5] The trial court concluded that a sentence imposed under the witness intimidation statute must reflect the severity of the underlying offense.

punishable by imprisonment for not more than 5 years or a fine of not more than $5,000.00, or both:

(a) This section or an ordinance of a political subdivision of this state substantially corresponding to this section.

(b) Section 81a, 82, 83, 84, or 86.

(c) A law of another state or an ordinance of a political subdivision of another state substantially corresponding to this section or section 81a, 82, 83, 84, or 86.

MCL 750.81b(b) permits the fact of defendant's prior domestic violence convictions to be established at sentencing. As stated, it was undisputed that defendant had two prior convictions for domestic violence, and he does not challenge his conviction for third-offense domestic violence. Rather, he argues that the domestic violence statute contains a method for enhancing his punishment based on recidivism and that his conviction should therefore not also be enhanced by the habitual offender act, MCL 769.12, which provides in pertinent part:

> (1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

> . . .

> (b) If the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term of 5 years or more or for life, the court, except as otherwise provided in this section or section 1 of chapter XI, may sentence the person to imprisonment for life or for a lesser term.

> (c) If the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term that is less than 5 years, the court, except as otherwise provided in this section or section 1 of chapter XI, may sentence the person to imprisonment for a maximum term of not more than 15 years. [Footnote omitted.]

In other words, defendant argues that the "first conviction" for the purposes of his habitual offender enhancement should be taken to mean a conviction for a first offense of domestic violence, which is a misdemeanor. MCL 750.81(2). Misdemeanors are not subject to enhancement under the habitual offender act, which enhances a defendant's sentence based on prior and subsequent *felonies*. MCL 769.12.

The primary goal in construing a statute is "to ascertain and give effect to the intent of the Legislature." See *People v Pasha*, 466 Mich 378, 382; 645 NW2d 275 (2002); *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999). In doing so, this Court must begin by examining the plain language of the statute itself. See *Pasha*, 466 Mich 382. If the language of

-3-

the statute is clear and unambiguous, it is assumed that the Legislature intended its plain meaning and the statute is enforced as written. See *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). We avoid literal constructions if they produce unreasonable and unjust results that are inconsistent with the purpose of the act in question. *People v Fetterley*, 229 Mich App 511, 526; 583 NW2d 199 (1998).

The Legislature has demonstrated its ability to exclude certain categories of felonies from the sentence enhancement provisions of the habitual offender act when it intends to do so. See *People v Bewersdorf*, 438 Mich 55, 72; 475 NW2d 231 (1991). In this case, however, nothing in the habitual offender act or the domestic violence statute indicates an intent by the Legislature to exclude third-offense domestic violence from the enhancement provisions of MCL 769.12. The plain language of the relevant statutes thus does not aid defendant's argument. See *Pasha*, 466 Mich 382.

Further, "[w]here the legislative scheme pertaining to the underlying offense elevates the offense, rather than enhances the punishment, on the basis of prior convictions, both the elevation of the offense and the enhancement of the penalty under the habitual offender provision is permitted." *Fetterley*, 229 Mich App at 540-541. This Court held in *Fetterley* that the retail-fraud statutory scheme does not "provide for gradations of punishment. Rather, it punishes the commission of a second-degree retail-fraud offense by a person with a prior conviction for a subsection 2 offense as a separate substantive offense." *Id*. at 536. Our Supreme Court has held similarly with regard to statutory schemes in place regarding operation of a motor vehicle while under the influence of intoxicating liquor (OUIL) offenses, see *Bewersdorf*, 438 Mich at 68, and failure to comply with the sex offenders registration act (SORA) offenses, see *People v Allen*, 499 Mich 307, 311; 884 NW2d 548 (2016). In all three of those circumstances, the reviewing court concluded that a statutory scheme similar to the one found in the domestic violence statute did not merely enhance punishment based on recidivism, but instead created separate substantive crimes such that the habitual offender act applied to those offenses. In fact, the Supreme Court in *Allen* stated, albeit in dicta, that "[t]his is likewise true of other statutory schemes of commonly charged offenses, such as domestic violence, MCL 750.81(2) to (4)." *Allen*, 499 Mich at 325.

Our caselaw is clear. There is no qualitative difference in the statutory scheme found in the domestic violence statute, which elevates an offense from a misdemeanor to a felony and increases the penalty for the offense based on prior convictions of similar offenses, that compels a different outcome than that reached in *Allen*, *Bewersdorf*, and *Fetterley*. Cases cited by defendant are distinguishable. In *People v Honeycutt*, 163 Mich App 757, 760-763; 415 NW2d 12 (1987), this Court held that a felony-firearm conviction was not subject to habitual offender enhancement because the felony-firearm statute imposes mandatory determinate sentences for its violation. See also *Allen*, 499 Mich at 325 n 51 (noting that imposition of a mandatory determinate sentence as required by the felony-firearm statute would "necessarily conflict with a trial court's discretion to impose an indeterminate sentence under the [habitual offender act]"), *Fetterley* involved the interplay of the public health code and the habitual offender act. This Court merely interpreted the plain meaning of MCL 769.12(1)(d) ("if the subsequent felony is a major controlled substance offense, the person shall be punished as provided by part 74 of the public health code") and concluded that subsequent major controlled substance offenses must be enhanced as directed by the public health code, not the habitual offender statute. *Fetterley*, 229

Mich at 540-541. Finally, defendant is of course not aided by his reference to *People v Allen*, 310 Mich App 328, 348-351; 872 NW2d 21 (2015), inasmuch as the case was reversed by *Allen*, 499 Mich at 311, 327.

The domestic violence statute does not impose mandatory determinate sentences for its violation; nor is it explicitly excepted from the habitual offender act. Rather, the statute contains the type of "statutory scheme[] of commonly charged offenses," *Allen*, 499 Mich at 325, that courts have repeatedly found to be subject to habitual offender enhancement. The trial court therefore did not err by enhancing defendant's sentence for third-offense domestic violence under the habitual offender act. Defendant further argues, however, that even if the trial court was permitted to enhance his sentence, it erred by determining that the maximum sentence it could impose was life imprisonment, rather than a prison term of 15 years. Defendant thus argues that the he is entitled to resentencing based on the trial court's misunderstanding of the law. We disagree.

Defendant contends that the trial court should have based its enhancement of his sentence on the maximum penalty for a first-offense conviction for domestic violence (93 days in jail). Had the trial court done so, it would have concluded that the offense being enhanced by defendant's habitual offender status was "punishable upon a first conviction by imprisonment for a maximum term that is less than 5 years" and thus could only be enhanced to a maximum of 15 years. See MCL 769.12(1)(c). We disagree. Defendant was convicted of violating MCL 750.81(4), not MCL 750.81 generally. Third-offense domestic violence is, as discussed earlier in this opinion, a separate offense, the first conviction of which is punishable by a maximum of 5 years imprisonment. Therefore, the trial court's application of MCL 769.12(1)(b) was appropriate, because the subsequent felony was "punishable upon a first conviction by imprisonment for a maximum term of 5 years or more or for life." See *Allen*, 499 Mich at 322 (applying the same rationale to second-offense failures to comply with SORA). The trial court did not err by recognizing that it was authorized to enhance defendant's sentence to a maximum of life imprisonment.

### III. WITNESS INTIMIDATION SENTENCE

Defendant also argued that the trial court erred by basing his sentence for witness intimidation on an underlying offense of third-offense domestic violence conviction as enhanced by the habitual offender act. We disagree. Defendant's argument involves a question of statutory interpretation, which we review de novo. See *Flick*, 487 Mich at 9.

The witness intimidation act, MCL 750.122, provides in pertinent part:

(7) A person who violates this section is guilty of a crime as follows:

(a) Except as provided in subdivisions (b) and (c), the person is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $5,000.00, or both.

(b) If the violation is committed in a criminal case for which the maximum term of imprisonment for the violation is more than 10 years, or the violation is punishable by imprisonment for life or any term of years, the person is guilty of a

felony punishable by imprisonment for not more than 10 years or a fine of not more than $20,000.00, or both.

(c) If the violation involves committing or attempting to commit a crime or a threat to kill or injure any person or to cause property damage, the person is guilty of a felony punishable by imprisonment for not more than 15 years or a fine of not more than $25,000.00, or both.

Defendant argues that the underlying "violation" in the instant case is a first-offense violation of MCL 750.81, i.e., a 93-day misdemeanor. For the reasons stated earlier in this opinion, however, the trial court correctly determined that the underlying offense was third-offense domestic violence, MCL 750.81(4), as enhanced by the habitual offender act. The act of witness intimidation was thus "committed in a criminal case for which the maximum term of imprisonment is more than 10 years, or . . . imprisonment for life." MCL 750.122(7)(b). Although defendant argues that this reading will produce absurd results, we see nothing absurd in the Legislature's determination to structure the level of punishment for witness intimidation according to the severity of the underlying offense. See *Fetterley*, 229 Mich App at 526.

Affirmed.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Stephen L. Borrello

-6-