*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID PAUL TURNER,

        Defendant-Appellant.

UNPUBLISHED
September 24, 2020

No. 347538
Macomb Circuit Court
LC No. 2017-003760-FH

Before: LETICA, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82, domestic violence (third-offense notice), MCL 750.81(5), and assault and battery, MCL 750.81. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 6 to 15 years' imprisonment for his felonious assault conviction, and 6 to 28 years' imprisonment for his domestic violence conviction. Defendant was sentenced to 90 days in jail for his assault and battery conviction. On appeal, defendant contends that he is entitled to resentencing without a sentencing enhancement because the prosecution failed to file a written proof of service of its fourth-offense habitual-offender notice. Defendant contends in the alternative that it was error to sentence him as a fourth-offense habitual offender because he only had two, rather than three, prior felony convictions. We vacate defendant's sentences for his felonious assault and domestic violence convictions, and remand to the trial court to hold an evidentiary hearing to determine whether defendant may be resentenced as a habitual offender. If so, we conclude that defendant may be resentenced as a third-offense, rather than a fourth-offense, habitual offender.

## I. FACTUAL BACKGROUND

This case arises out of an assault on Rosemary Turner on August 26, 2017, at defendant's home. Katherine Turner is Rosemary and defendant's daughter. Rosemary and defendant were divorced, however, during the event at issue, Rosemary and Katherine were temporarily residing with defendant.

-1-

On the night of the incident, Rosemary and defendant were drinking at bar near defendant's home. Defendant left the bar, went home, told Katherine that Rosemary was in the bathroom with a girl at the bar, and called Rosemary a number of derogatory, sexual slurs. When Katherine defended Rosemary, defendant allegedly pushed Katherine against a wall and choked her. Katherine testified that, after Katherine fell on the floor, defendant grabbed Katherine by her hair, dragged her out of the house, punched her, and locked the door. Katherine walked to the bar and told Rosemary about what had just occurred between herself and defendant.

Rosemary and Katherine went back to defendant's house, and Rosemary and defendant argued. Defendant punched Rosemary in the face and body, grabbed her hair, and dragged her out the back door. When Katherine tried to help Rosemary, defendant grabbed Katherine by her hair, punched Katherine's face and body, and dragged her out of the back door as well. While Rosemary and Katherine were still in the backyard, defendant exited his house, entered his vehicle, drove into the backyard, and ran over Rosemary's body. Defendant put his vehicle in reverse, and ran over Rosemary's body again. Officer Steven Wietecha of the Clinton Township Police Department was dispatched to defendant's home. Officer Wietecha had Rosemary transported to the hospital for medical treatment, and arrested defendant.

## II. PRESERVATION AND STANDARD OF REVIEW

"To preserve a sentencing issue for appeal, a defendant must raise the issue 'at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.' " *People v Clark*, 315 Mich App 219, 223; 888 NW2d 309 (2016), quoting MCR 6.429(C). Defendant did not raise an issue regarding the accuracy of his prior convictions listed in the prosecution's fourth-offense habitual-offender notice at sentencing, nor did defendant raise an issue regarding the prosecution's failure to file a written proof of service of the notice. Further, defendant did not move for resentencing below, and he has not moved this Court to remand for resentencing. Accordingly, the issues defendant raises on appeal are unpreserved. *Id*.

Generally, "[t]he trial court's discretionary decisions—including its exercise of sentencing discretion—are reviewed for an abuse of discretion," *People v Odom*, 327 Mich App 297, 303; 933 NW2d 719 (2019) (citations omitted), whereas whether the prosecutor failed to file a proof of service pertaining to a habitual offender notice is an issue we review "de novo as a question of law because it involves the interpretation and application of statutory provisions and court rules," *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018) (citations omitted). However, because defendant's issues on appeal are unpreserved, this Court's review is for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id*. at 763-764 (citation and quotation marks omitted).

## III. FAILURE TO FILE A PROOF OF SERVICE OF THE SENTENCING ENHANCEMENT NOTICE

Defendant argues he is entitled to resentencing, without any enhancement, because the prosecution failed to file a written proof of service of its fourth-offense habitual-offender notice. We remand for further findings as to this issue.

MCL 769.13 enables the prosecution to seek an enhanced sentence on the basis of a defendant's prior convictions. MCL 769.13 states, in relevant part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under [MCL 769.10, MCL 769.11, or MCL 769.12] of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court. [MCL 769.13(1) and (2) (footnote omitted).]

This Court considered MCL 769.13 in *Head*, 323 Mich App at 543, and noted that MCR 6.112(F) contains the same requirements. MCR 6.112(F) governs notice of intent to seek enhanced sentencing, and states:

> A notice of intent to seek an enhanced sentence pursuant to MCL 769.13 must list the prior convictions that may be relied upon for purposes of sentence enhancement. The notice must be filed within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived or eliminated as allowed under MCR 6.113(E), within 21 days after the filing of the information charging the underlying offense.

"The purpose of the notice requirement 'is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense.' " *Head*, 323 Mich App at 543, quoting *People v Morales*, 240 Mich App 571, 582; 618 NW2d 10 (2000). This Court has held that the prosecution's "failure to file a proof of service of the notice of intent to enhance the defendant's sentence may be harmless if the defendant received the notice of the prosecutor's intent to seek an enhanced sentence and the defendant was not prejudiced in his ability to respond to the habitual-offender notification." *Head*,

323 Mich App at 543-544,[1] citing *People v Walker*, 234 Mich App 299, 314-315; 593 NW2d 673 (1999) (citation omitted).

The prosecution admits that it failed to file a proof of service of its notice of intent to seek an enhanced sentence. This failure was plain and obvious error, however, the prosecution contends that the error was harmless because defendant received actual notice of the sentencing enhancement and was not prejudiced in his ability to respond. Defendant asserts that the record does not show he received *actual* notice within the required 21-day time period.

Considering the trial court held defendant's arraignment on October 23, 2017, the prosecution was required to file its habitual-offender notice—within 21 days after defendant's October 23, 2017 arraignment—by November 13, 2017. MCL 769.13(1). The record shows, however, that the prosecution simultaneously filed its felony information and habitual-offender notice on October 19, 2017—before it was due. While the statute requires the prosecution to file the habitual-offender notice within 21 days after the arraignment, the statute does not preclude the prosecution from filing the notice before the arraignment. See e.g., *People v Marshall*, 298 Mich App 607, 627; 830 NW2d 414 (2012), vacated in part on other grounds 493 Mich 1020 (2013) (noting that a sentencing enhancement notice was timely when it was filed with the felony information). Unlike in *Head*, however, the prosecution in this case did not include defendant's sentencing enhancement in the felony information. See *Head*, 323 Mich App at 544. As referenced above, the notice of defendant's sentence enhancement existed in a separate document, and defendant only acknowledged receipt of the information at his arraignment.

Thereafter, there was no discussion of defendant's sentencing enhancement until a pretrial hearing on February 13, 2018. At that time, defendant appears to have been aware of the sentencing enhancement and raised no objections, but there is no record evidence that defendant was made aware of the enhancement within 21-days after defendant's arraignment as required by MCL 769.13(1). See *People v Cobley*, 463 Mich 893, 893 (2000) (vacating a defendant's sentence because the prosecutor could not prove "that the notice of sentence enhancement was served on [the] defendant within 21 days after the defendant was arraigned."). With that in mind, we cannot conclude on the record available to us that the prosecution's failure to file a proof of service of its notice of defendant's sentencing enhancement was harmless. Similarly, to the extent defendant was not made aware of the sentencing enhancement in a timely manner, the error affected his

---

[1] We note defendant's assertion that *Head* was wrongly decided and should be overruled by this Court. We disagree, and further note that "[a] published opinion of the Court of Appeals has precedential effect under the rule of stare decisis." MCR 7.215(C)(2); *People v Bensch*, 328 Mich App 1, 7 n 6; 935 NW2d 382 (2019). "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule." MCR 7.215(J)(1). *Head* is binding precedent on this Court. MCR 7.215(C)(2); MCR 7.215(J)(1).

substantial rights because it led to a substantial increase in his sentence that otherwise would have been illegal.[2]

We remand for further findings as to whether defendant received timely notice of the sentencing enhancement.

### IV. FOURTH-OFFENSE HABITUAL OFFENDER ERROR

As this issue is otherwise moot, we address the next issue only for the possibility that the trial court finds on remand that defendant *did* receive actual notice of his sentencing enhancement in a timely manner. Should the trial court uncover evidence supporting a finding that defendant received timely, actual notice, we conclude that he may be resentenced as a third-offense, rather than a fourth-offense, habitual offender.

MCL 769.11 governs punishment for the subsequent felony of persons convicted of two or more felonies. "MCL 769.11(1) permits sentence enhancement if a defendant has been 'convicted of any combination of 2 or more felonies or attempts to commit felonies.' " *People v Jones*, 297 Mich App 80, 86; 8 NW2d 312 (2012), citing MCL 769.11. In contrast, MCL 769.12 governs punishment for the subsequent felony of persons convicted of three or more felonies. "[A]n individual is subject to MCL 769.12 if the person commits a subsequent felony in Michigan when that person has been convicted of any combination of three or more felonies or attempts to commit felonies[.]" *People v Pointerbey*, 321 Mich App 609, 622; 909 NW2d 523 (2017), citing MCL 769.12.

In sentencing defendant as a fourth-offense habitual offender, the trial court relied on the prosecution's fourth-offense habitual-offender notice, which indicated defendant had three felony convictions: (1) a July 13, 1992 conviction of delivering or manufacturing a controlled substance; (2) a January 6, 2004 conviction of first-degree retail fraud; and (3) an April 6, 2004 conviction of

---

[2] We note that the record does not indicate, nor does defendant assert, that the prosecution's failure to file a written proof of service prejudiced defendant's ability to present any relevant challenges to his fourth-offense habitual offender status at his pretrial hearings. Defendant did not contest his fourth-offense habitual-offender status. At defendant's sentencing, defense counsel stated that he and defendant found defendant's PSIR to be factually accurate. In relevant part, defendant's PSIR indicated defendant was subject to sentencing as a fourth-offense habitual offender, for his felonious and domestic violence convictions. Thus, "[t]he conclusion that defendant was not prejudiced and that he received actual notice of the habitual-offender enhancement is further supported by the fact that defendant and defense counsel exhibited no surprise at sentencing when defendant was sentenced as a fourth-offense habitual offender." *Head*, 323 Mich App at 545. In any event, we are inclined to follow the directive of our Supreme Court that actual notice within 21 days after arraignment is a requirement of MCL 769.13(2). See *People v Parrish*, unpublished per curiam opinion of the Court of Appeals, issued April 2, 2020 (Docket No. 344604), p 3, citing *Cobley*, 463 Mich at 893.

assault with a dangerous weapon. As defendant's presentence investigation report (PSIR) notes, however, and as the prosecution concedes, defendant was actually convicted of second-degree retail fraud rather than first-degree retrial fraud. The former is a misdemeanor, and "[m]isdemeanors are not subject to enhancement under the habitual-offender statute[.]" *People v Stricklin*, 322 Mich App 533, 539; 912 NW2d 601 (2018). Thus, because defendant was convicted of only two felonies before he was convicted of the instant offenses, MCL 769.11, the trial court erred when it enhanced defendant's sentence under MCL 769.12. *Jones*, 297 Mich App at 86.

To the extent that a sentence enhancement may be applied at all, we conclude that defendant may be sentenced as a third-offense habitual offender rather than a fourth-offense habitual offender.[3]

## V. CONCLUSION

We vacate defendant's sentences for his felonious assault and domestic violence convictions, and remand to the trial court to determine whether defendant received actual notice of the prosecution's intent to seek a sentencing enhancement within 21 days of his arraignment. If defendant did not receive timely notice, defendant must be resentenced without a sentencing enhancement. If defendant did receive timely notice, he may be resentenced as a third-offense habitual offender. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

---

[3] We note defendant's alternative argument that he is entitled to resentencing on the basis of his counsel's failure to object to the fourth-offense habitual-offender notice. Having already concluded that defendant is entitled to relief, however, we need not address the argument.

-6-