*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

STEVEN SANCHEZ,

      Defendant-Appellant.

UNPUBLISHED
July 28, 2022

No. 358696
St. Clair Circuit Court
LC No. 21-000102-FH

Before: SHAPIRO, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his conviction by guilty plea for domestic violence (third offense), MCL 750.81(2) and (5). Defendant was sentenced, as a second-offense habitual offender, MCL 769.10, to 24 to 90 months' imprisonment.[2] We affirm.

## I. BACKGROUND

This case arises out of defendant's violent assault of his ex-wife, TS. TS, TS's sister, TP, and defendant were at a residence and defendant was intoxicated. TS reported that defendant, "began to flip out" and that she and defendant got into an argument, and then defendant began arguing with TP. TS reported that defendant had raised his fist at her and grabbed her arm "in an aggressive manner" during the argument and that defendant "got into [TP's] face."

---

[1] *People v Sanchez*, unpublished order of the Court of Appeals, entered November 3, 2021 (Docket No. 358696).

[2] The judgment of sentence indicates that defendant was sentenced as a fourth-offense habitual offender, MCL 769.12. Although defendant was charged as a fourth-offense habitual offender, the reduced habitual offender enhancement was included as a part of defendant's plea agreement and he was sentenced as a second-offense habitual offender.

Before defendant assaulted TS, defendant yelled at TP. TP reported that she attempted to walk away from defendant, but he followed her, continued to yell, and began swearing and calling her names. TP further reported that defendant pulled back his fist as if he was going to strike her and that defendant looked "ready to kill someone."

Defendant was charged with one count of domestic violence, third offense with an enhancement as a fourth-offense habitual offender, and one count of assault and battery. At a plea hearing, defendant accepted a plea agreement and pleaded guilty to domestic violence (third offense) as a second-offense habitual offender. The prosecutor then dismissed the assault and battery charge involving TP and, as related to the domestic violence charge, reduced defendant's habitual offender enhancement from fourth-offense to second-offense. At the plea hearing, defendant admitted that he had previously been convicted of domestic violence on two occasions in 1990 and 1996, which made this conviction a third offense. Defendant also submitted a statement in which he admitted to arguing with both TS and TP in close proximity, and stated that he was "guilty of putting my children's mother in fear that night cause [sic] of are [sic] argument and swinging my hand's [sic] around."

At the sentencing hearing, defendant was assessed a total of 20 Offense Variable (OV) points and 75 Prior Record Variable points. Accordingly, the court tabulated the guidelines minimum sentence range to 12 to 30 months' imprisonment. Defendant was sentenced to 24 to 90 months' imprisonment. Subsequently, defendant filed a motion to correct an invalid sentence, arguing that the trial court erred by assessing 10 points under OV 9 and OV 13. The trial court denied defendant's motion in its entirety.

This appeal followed.

## II. OV 9

Defendant first argues that the trial court improperly scored OV 9. Relying on *People v McGraw*, 484 Mich 120, 133-134; 771 NW2d 655 (2009), defendant argues that OV 9 should be scored only on the basis of convicted conduct. Therefore, he asserts that OV 9 should have been assessed zero points because the assault and battery count involving TP was dismissed. We disagree.

This Court reviews the trial court's "interpretation and application of the legislative sentencing guidelines" de novo. *McGraw*, 484 Mich at 123. "Under the sentencing guidelines, the [trial] court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (quotation marks and citation omitted). "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a [Presentence Investigation Report (PSIR)], plea admissions, and testimony presented at a preliminary examination." *Id*.

A trial court properly scores OV 9 at 10 points where "2 to 9 victims . . . were placed in danger of physical injury or death." MCL 777.39(1)(c). Further, the trial court must "[c]ount each person who was placed in danger of physical injury or loss of life or property as a victim."

MCL 777.39(2)(a). This Court has held that, under OV 9, a "victim" is "one that is acted on by the defendant's criminal conduct and placed in danger of loss of life, bodily injury, or loss of property." *People v Ambrose*, 317 Mich App 556, 563; 895 NW2d 198 (2016) (quotation marks omitted).

Defendant contends that TP should not have been counted as a victim under OV 9 because the assault and battery charge involving TP was dismissed. Defendant relies on *McGraw*, 484 Mich at 122, in which our Supreme Court held that "a defendant's conduct after an offense is completed does not relate back to the sentencing offense for purposes of scoring offense variables unless a variable specifically instructs otherwise." However, the instant case is not factually similar to the facts in *McGraw*.

In *McGraw*, the defendant pleaded guilty to breaking and entering in exchange for the dismissal of other charges, including fleeing and eluding the police. *Id.* at 122-123. The sentencing court assessed 10 points under OV 9, finding that the defendant had placed at least two victims in danger. *Id.* at 123. This Court concluded that 10 points under OV 9 was proper because of the defendant's conduct after the breaking and entering had been completed. *Id.* at 132. Our Supreme Court reversed, concluding that this Court "erred by considering the entire criminal transaction and using defendant's conduct after the crime was completed as the basis for scoring OV 9." *Id.* at 133, 135. Our Supreme Court reasoned:

> Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable. OV 9 does not provide for consideration of conduct after completion of the sentencing offense. Therefore, it must be scored in this case solely on the basis of defendant's conduct during the breaking and entering. If the prosecution had wanted defendant to be punished for fleeing and eluding, it should not have dismissed the fleeing and eluding charge. It would be fundamentally unfair to allow the prosecution to drop the fleeing and eluding charge while brokering a plea bargain, then resurrect it at sentencing in another form. [*Id.* at 133-134 (citation omitted).]

The Court concluded that the defendant's "flight from the police occurred after the offense was completed for purposes of scoring the sentencing guidelines; hence, it cannot be considered in scoring OV 9." *Id.* at 135. Finally, because no one was present in the store or "anywhere near the defendant when he broke into the building . . . no points should have been assessed for OV 9." *Id.* at 134-135.

We agree with the prosecution, that the facts in this case are similar to those in *People v Morson*, 471 Mich 248; 685 NW2d 203 (2004). In *Morson*, our Supreme Court held that, although only one person was robbed at gunpoint, there were two victims for scoring purposes because the second person was in such close proximity to the scene that he was also "placed in danger of injury or loss of life." *Id.* at 262 (quotation marks omitted).

Here, defendant's behavior with TS and TP occurred simultaneously and in the same location. Both TS and TP witnessed defendant's outburst. After defendant yelled and followed TP, defendant raised his fists at TS and grabbed her arm "in an aggressive manner." Accordingly, this situation is not like the facts in *McGraw* because the sentencing offense—domestic violence—

had not been completed at the time of the alleged assault of TP. Despite the dismissal of the assault and battery charge relating to TP, defendant's actions during his outburst and assault of TS placed both TS and TP in danger of injury. TP was in close proximity to the danger imposed by defendant's assault of TS. Because defendant's actions placed both TS and TP in danger of injury, OV 9 was properly scored.

## III. OV 10

Defendant also complains that the trial court improperly assessed 10 points for OV 13. We disagree.

The trial court is required to assess 10 points for OV 13 (continuing pattern of criminal behavior) if the offense was a part of a pattern of felonious criminal activity involving three or more crimes against a person or property or a violation of the public health code. MCL 777.43(1)(d). Specifically, MCL 777.43(1)(d) provides:

> (1) Offense variable 13 is continuing pattern of criminal behavior. Score offense variable 13 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *
>
> (d) The offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property or a violation of section 7401(2)(a)(*i*) to (*iii*) or section 7403(2)(a)(*i*) to (*iii*) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403 ............ 10 points

In "determining the appropriate points under [OV 13], all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

Specifically, defendant argues that OV 13 should have been assessed zero points because he did not commit three felony crimes against a person or property that occurred within five years of the sentencing offense. In this case, in the five years preceding the sentencing offense, defendant committed felony crimes including two counts of attempted organized retail crime in 2019 and attempted domestic violence (third offense) also in 2019. These crimes are felonies under MCL 752.1084 and MCL 750.81(5).[3] Defendant claims that OV 13 should not have been

---

[3] MCL 752.1084(2) provides that "[o]rganized retail crime is a felony punishable by imprisonment for not more than 5 years or a fine of $5,000.00, or both." Similarly, MCL 750.81(5) elevates defendant's domestic violence conviction to a felony because his conviction was a third offense within the meaning of MCL 750.81. MCL 750.92(2) provides: "If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for 5 years or more, the person convicted of such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year[.]"

assessed 10 points because the underlying conduct for these offenses—specifically, his domestic-violence offenses constituted only "misdemeanor conduct."

This Court has recognized that the domestic-violence statutory scheme does "not merely enhance punishment based on recidivism but instead create[s] *separate substantive crimes* and that the habitual-offender sentence enhancement applie[s] to those offenses." *People v Stricklin*, 322 Mich App 533, 540; 912 NW2d 601 (2018) (emphasis added). In *Stricklin*, the defendant argued that he was entitled to resentencing because his sentence for a domestic violence conviction "was erroneously enhanced under both the domestic-violence statute and the habitual-offender statute." *Id*. at 537. This Court rejected that argument, reasoning that "nothing in the habitual-offender statute or the domestic-violence statute indicates an intent by the Legislature to exclude third-offense domestic violence from the enhancement provisions of MCL 769.12." *Id*. at 539-540. The *Stricklin* Court held that "[w]here the legislative scheme pertaining to the underlying offenses elevates the offense, rather than enhances the punishment, on the basis of prior convictions, both the elevation of the offense and the enhancement of the penalty under the habitual offender provisions is permitted." *Id.* at 540 (quotation marks and citation omitted; alteration in original). The Court further concluded that under the domestic violence statutory scheme, an offense is elevated from a misdemeanor to a felony, *id*. at 541, and recognized that "[t]hird-offense domestic violence" is a "separate [felony] offense arising after two previous convictions" *id*. at 542. The *Stricklin* Court ultimately held that the trial court that "did not err by enhancing [the] defendant's sentence for third-offense domestic violence under the habitual-offender statute." *Id*.

*Stricklin* illustrates that where the plain language of a statute does not exclude crimes that enhance punishments on the basis of prior convictions, an intent by the Legislature to exclude those offenses cannot be read into the statute. See *id*. at 539 (stating that "[t]he Legislature has demonstrated its ability to exclude certain categories of felonies from the sentence-enhancement provisions of the habitual-offender statute when it intends to do so.").

In this case, nothing in the domestic-violence statute or OV 13 indicates an intent by the Legislature to exclude defendant's domestic-violence conviction from being considered a felony for the purposes of scoring OV 13 where defendant's third offense elevated the offense to a felony. The combination of defendant's convictions therefore constituted a pattern of felonious criminal activity involving three or more crimes against a person or property, and satisfied the scoring requirements for OV 13 under MCL 777.43(1)(d). The trial court did not err by assessing 10 points for OV 13.

Finally, because we conclude that the trial court did not err in assessing points for OV 9 and OV 13, we reject defendant's argument that he is entitled to resentencing on that basis. See MCL 769.34(10) ("If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.").

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett