*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GARY LEE MEYER,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2025
2:00 PM

No. 367075
Grand Traverse Circuit Court
LC No. 22-014297-FH

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals as of right his convictions of two counts of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). We affirm.

## I. BACKGROUND

On July 3, 2022, defendant was consuming alcohol with his then-girlfriend, Jessica, with whom he resided along with their 2-year-old son. Over the course of the day, defendant became highly intoxicated, and eventually Jessica resolved to cut him off. She testified that at one point, after she poured margarita mix down the sink, defendant lifted her to his eye level—she estimated his height as 6'4" and hers at 5'4"—and said, "[D]on't forget how easy it would be for me to throw you off the balcony." Later, while on the second-floor balcony, Jessica attempted to take a bottle from defendant's hands. That led to an altercation in which Jessica pushed defendant while he was near the edge of the balcony, and defendant, in turn, threw Jessica into some chairs. Defendant then went inside, and Jessica called 911 to report that he had assaulted her.

When the police arrived, they spoke with Jessica, who told them about the incident and showed them her injuries. Jessica allowed the first two responding officers inside the house. Upon entry, the officers saw defendant standing at the top of the stairs holding his son. Defendant was belligerent and yelled at the police to leave. The officers instructed defendant to come downstairs to speak with them, but he refused. One officer went up the stairs to speak with defendant. When the officer reached the top of the stairs, defendant—still holding his son—continued to demand that the officers leave, with his hostility escalating to the point that he told the officer he wanted to fight him. Eventually, defendant put down his son, and the officer unsuccessfully attempted to

-1-

deploy his taser. Defendant then began throwing objects at the officers, including pieces of a baby gate and a dog bone.

As the situation unfolded, more officers arrived. One, trained as a hostage negotiator, was able to approach and speak with defendant. While he did so, defendant was holding his son and refused to put the child down. Meanwhile, two other officers moved up the stairs to arrest defendant. To effectuate the arrest, officers needed to pry the child from defendant's grasp.

The prosecution charged defendant with two counts of resisting and obstructing, one count of fourth-degree child abuse, MCL 750.136b(7), and one count of domestic violence, MCL 750.81(2). The jury found defendant guilty of both counts of resisting and obstructing, not guilty of domestic violence, and was unable to reach a verdict on the child abuse charge.

## II. CIRCUMSTANCES OF DEFENDANT'S ARREST

Defendant contends that his resisting and obstructing convictions must be set aside because of various defects in the circumstances of his arrest. His argument is that his arrest was unlawful and, therefore, he had the right to resist it. As a result, he asserts, the prosecution failed to present sufficient evidence to convict him of resisting and obstructing. We disagree.

### A. LAWFULNESS OF DEFENDANT'S ARREST

Defendant was convicted of violating MCL 750.81d(1). By its terms, the statute lays out two elements: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). However, in *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012), our Supreme Court held that "the prosecution must establish that the officers' actions were lawful" to get a conviction under the statute. As a result, this Court has characterized the lawfulness of the officers' actions as a third element of the offense. *People v Quinn*, 305 Mich App 484, 491-492; 853 NW2d 383 (2014).

Defendant first argues that to make a lawful arrest, an officer must "articulate a reason for the arrest." Defendant cites MCL 764.18 in support, which provides:

> Where an arrest is made under a warrant, it shall not be necessary for the arresting officer personally to have the warrant in his possession but such officer must, if possible, inform the person arrested that there is a warrant for his arrest and, after the arrest is made, shall show such person said warrant if required, as soon as practicable.

Here, there was no arrest warrant issued, so MCL 764.18 does not apply. Moreover, MCL 764.15a expressly authorizes a warrantless arrest for a suspected violation of MCL 750.81 if the arresting officer "has reasonable cause to believe" that the violation occurred and that the individual had a domestic relationship with the victim. There is no meaningful dispute that the responding officers had reasonable cause to believe that defendant had violated MCL 750.81—Jessica's visible

injuries and her account of the incident supported that belief. Therefore, a warrantless arrest was authorized.

Defendant also points to *Drennan v People*, 10 Mich 169 (1862), as authority for the proposition that he was entitled to a reason for his arrest. But the facts of that case were quite different from this one. There, a warrant had been issued for the arrest of the defendant on suspicion of having stolen gloves worth $1.50—a misdemeanor. A police officer who knew the warrant had been issued but did not have it in his possession went to the defendant's home to arrest him, and when the defendant demanded to see the warrant, the officer took the defendant into custody, at which time the defendant pulled out a pistol and attempted to fire it at the officer. The defendant was ultimately convicted of assault with intent to murder the officer, which our Supreme Court set aside and ordered a new trial. It said:

> [T]he officer should have informed him of the facts, or at least of the offense for which he arrested him. But, instead of doing this, [the officer] simply told him he had a warrant for him. And when defendant asked to see it, [the officer] refused, saying he was not bound to show it, and at once seized him and jerked him to the door. This conduct of the officer was well calculated to excite the suspicion of the defendant, and to induce him to believe the officer was acting in bad faith, and thus naturally tended to provoke the violence which ensued. The defendant, under such circumstances, might well believe he was resisting an illegal arrest, and lawfully defending his liberty. [*Id.* at 177 (opinion by CHRISTIANCY, J.).[1]]

The key observation is that the circumstances of *Drennan* mattered, and they are different from this case. In *Drennan*, the police arrived at the defendant's home to arrest him for charges about which he could not have known. By contrast, here it is reasonable to infer that defendant was aware, or had reason to be aware, of why the police were present. Jessica called 911 in response to defendant assaulting her, and she testified that defendant knew she was speaking with 911. One officer who spoke with defendant testified that he "eventually indicated that he had gotten into an argument" with Jessica. *Drennan* does not establish a per se rule that a defendant must be informed of the details of why he is being arrested; rather, it provides that the police are obliged not to "excite the suspicion of the defendant" or "induce him to believe the officer was acting in bad faith." *Id.* Moreover, MCL 764.19 provides that the requirement that an officer making a warrantless arrest "shall inform the person arrested of his authority and the cause of the arrest" does not apply "when the person arrested . . . forcibly resists arrest before the officer has time to inform him." Here, where defendant was belligerent from the moment the police arrived, clinging to his two-year-old son and threatening to fight the police, we conclude that the officers did not have a reasonable opportunity to inform him of the circumstances of his arrest.

---

[1] Justice CHRISTIANCY's seriatim opinion was signed only by Justice MANNING, but at least one other member of the four-member Court said that he "concur[red] with [his] brethren . . . in the reason assigned for setting aside the verdict," *Drennan*, 10 Mich at 186 (opinion by MARTIN, C.J.), which indicates that this had majority support.

## B. PROBABLE CAUSE

Defendant argues that the arresting officers lacked probable cause that he had committed a felony. "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996). But defendant's only argument is that "[f]urther investigation was necessary" because Jessica had told the officers that she had pushed defendant during their altercation on the balcony. Defendant also makes much of one officer's testimony that there was a "90% chance" that defendant was going to be arrested. While defendant second-guesses the police officers' handling of the situation, he does nothing to undermine the probable cause for his own arrest. The markings on Jessica's skin, her account of what had happened, and her description of her relationship with defendant provided "reasonably trustworthy information" that would lead "a man of reasonable caution" to believe that defendant had violated MCL 750.81. *Id.* The officers therefore had probable cause to arrest him.

## C. SUFFICIENCY OF THE EVIDENCE

Defendant contends that there was insufficient evidence to convict him, focusing on the "lawfulness" element of a conviction under MCL 750.81d. "We review de novo a challenge to the sufficiency of the evidence." *People v Ventour*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363922); slip op at 5. "[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

As noted above, the lawfulness of an arresting officer's action is an element of the offense under MCL 750.81d. Defendant asserts that "no reasonable juror could conclude that the officers were lawfully acting when they arrested Mr. Meyer." We disagree. The record is replete with evidence that a rational trier of fact could believe to substantiate the lawfulness of the officers' actions. Jessica testified that defendant knew she had called 911 in response to his assault on her, and one officer testified that defendant "indicated that he had gotten into an argument" with her. When combined with defendant's belligerent response denying the officers a meaningful opportunity to discuss the situation with defendant, a rational fact-finder could conclude that defendant knew or had reason to know the officers were responding to his assault of Jessica and that they communicated with defendant as best they could under the circumstances.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that trial counsel was ineffective for failing to challenge the lawfulness of his arrest and for not requesting a jury instruction on the right to resist an unlawful arrest. We disagree.

Both the United States and Michigan Constitutions entitle a criminal defendant to the assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To satisfy this constitutional requirement, this counsel must be effective. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To prevail on an ineffective assistance of counsel claim, a defendant "must show that counsel's performance fell below an objective standard of reasonableness" and that "but for counsel's deficient performance, a different result would have been reasonably probable." *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011). A successful ineffective-assistance claim requires the defendant to overcome a "strong presumption that counsel's performance was born from a sound trial strategy." *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015) (quotation marks and citation omitted). Counsel is not ineffective for failing to raise a futile objection or make a meritless argument. *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021).

To preserve this issue, a defendant must either make a motion for a new trial on this basis in the trial court or ask this Court to remand the case for a *Ginther*[2] hearing. *People v Gash*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket No. 365693); slip op at 6. Defendant did neither, so "our review is limited to mistakes apparent on the record." *Id*.

## A. CHALLENGING THE ARREST

Defendant first submits that his attorney was ineffective for failing to argue that his arrest lacked probable cause.[3] However, as discussed above, the police officers did not engage in unlawful activity. When the officers entered the house, they had probable cause to believe that defendant had committed domestic violence. Because defendant's arrest was lawful, any challenge would have been unsuccessful. Counsel was not ineffective for failing to raise a meritless argument.

## B. JURY INSTRUCTIONS

Defendant also asserts that trial counsel should have requested a jury instruction regarding the lawfulness of his arrest. Criminal defendants are entitled to have a "properly instructed jury" consider the evidence when deciding on a verdict. *People v Thorne*, 322 Mich App 340, 347; 912 NW2d 560 (2017). "The jury instructions must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *Id*. at 347-348 (quotation marks and citation omitted). The trial court must grant a defendant's request for a jury instruction that is supported by the evidence. *Id*. at 348. Here, the trial court gave the pertinent model instruction, M Crim JI 13.1, but defendant points to Use Note 4, which says that "[t]he court should provide detailed legal instructions regarding the applicable law governing the officer's legal authority to act." He argues that the jury should have been instructed

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] Defendant does not specify exactly which procedural mechanism his trial counsel should have used to challenge the arrest.

that he had a right to resist arrest if the arresting officer reasonably caused him to believe the arrest was unlawful, and "excessive force might make an otherwise lawful arrest unlawful."

Here, defendant's arrest was lawful because the arresting officers had probable cause to believe he had committed domestic violence. Defendant fails to provide any legal authority supporting his claim that excessive force renders an arrest unlawful. His reliance on *Moreno* is misplaced, because that case merely held that MCL 750.81d did not "abrogate the right to resist an unlawful act by an officer." *Moreno*, 491 Mich at 52.[4] Further, defendant fails to articulate any specific jury instruction that should have been requested. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kroll*, 341 Mich App 217, 236 n 15; 989 NW2d 822 (2022) (quotation marks and citation omitted). Defendant's failure to adequately brief this issue results in its waiver.[5]

Even if defendant *had* adequately briefed this issue, a different result is not reasonably probable. Defendant's primary argument is that police failed to properly inform him of his arrest. However, MCL 764.19 does not impose such an obligation, particularly under these circumstances. At most, defendant could argue for a qualified rule requiring officers to inform a suspect of the arrest unless the suspect's belligerence makes it unreasonable. There is no reasonable likelihood that defendant could obtain a different result on retrial even if his trial counsel's failure to request that hypothetical instruction were considered objectively unreasonable.

In sum, defendant was not prejudiced by trial counsel's failure to challenge the arrest because the arrest was lawful. Additionally, defendant fails to show that he was prejudiced by trial counsel's failure to request a jury instruction on the "applicable law" regarding the lawfulness of his arrest. Not only did defendant fail to adequately brief the issue, but there is also no reasonable probability that a different jury instruction would have changed the outcome. As a result, defendant has not established that counsel was ineffective.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman

---

[4] See also *Cummings v Lewis*, unpublished per curiam opinion of the Court of Appeals, issued July 3, 2012 (Docket No. 303386), p 3 n 3 ("*Moreno* does not stand for the proposition that excessive force is an affirmative defense to resisting a lawful arrest.").

[5] See, e.g., *People v Carroll (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued October 1, 2024 (Docket No. 361280), p 4.